The **PEOPLE** of the State of Colorado, Complainant,

v.

Albert G. **DAVIS**, Attorney–Respondent.

No. 80SA461.

Supreme Court of Colorado, En Banc.

Dec. 22, 1980.

Linda Donnelly, Disciplinary Prosecutor, Denver, for complainant.

Dale Tursi, Denver, for attorney–respondent.

LOHR, Justice.

The respondent, Albert G. Davis, was the subject of proceedings before the Grievance Committee of this court based upon a formal complaint which charged that his conduct as an attorney created cause for discipline pursuant to C.R.C.P. 241 B, and DR9–102(A) and (B) of the Code of Professional Responsibility. As a result of those proceedings, the Grievance Committee found that cause for discipline had been established and recommended that the respondent be disbarred and that he make restitution and pay the costs of the proceedings. We adopt that recommendation.

Two hearings were conducted before the hearings panel. The respondent was represented by counsel at each hearing, but did not appear personally. We summarize the facts, which the hearing committee found to have been established by clear and convincing evidence.[1]

The respondent represented a client who was the complaining party in a personal injury case arising out of an automobile accident in 1977. An agreement was reached, as a result of which $7106.76 was received by the respondent in October 1978 in settlement of the client's claim. The payment was made by check payable jointly to the respondent and his client. The respondent deposited the funds in an account where they were commingled with the respondent's personal funds. The cancelled check reflects a handwritten endorsement, purportedly by the client, but it is not the client's signature.

Five days after depositing the check, the respondent mailed to his client in Texas a check dated October 27, 1978, in the amount of $5330.07, the correct amount owing after deduction of the respondent's twenty–five percent contingent fee. Between the time the check for the settlement funds was deposited and the time when the respondent's check was received by his client, the respondent wrote numerous other checks on the same account to such payees as Visa,

Super Foods, and a travel agent (for a trip to Las Vegas). As a result, when the client presented the check for payment it was returned for insufficient funds. By November 30, 1978, the account was overdrawn by $1276.24.

The client and several others on his behalf asked the respondent numerous times when payment would be made. In response the respondent assured them on each occasion that the money was on its way or would be forthcoming shortly. At the time of the first hearing before the hearing committee on February 21, 1980, the client had not been paid. The respondent's attorney advised the Grievance Committee that $4176.03 of the $5330.07 originally owed to the client has now been paid, leaving a balance of $1154.04.

The Grievance Committee concluded that the evidence established the respondent was either misapplying trust moneys for his own personal expenses or, at the very least, commingling trust funds with his own personal funds. It further concluded that the respondent's conduct violated both DR9–102(A) (commingling funds) and DR9–102(B) (failure to pay to the client upon request the funds he is entitled to receive). We agree. These violations in turn constitute violations of C.R.C.P. 241 B(1) and create cause for discipline.

The Grievance Committee recommended disbarment. We have reviewed that recommendation, as it is our duty to do, *People v. Berge,* Colo., 620 P.2d 23 (1980); *People v. Sussman,* 196 Colo. 458, 587 P.2d 782 (1978), and conclude that it is appropriate.

In our review we have considered the aggravating and mitigating circumstances established by the record. *See* A.B.A. Standards for Lawyer Disciplinary and Disability Proceedings § 7.1.

We note that the respondent has had one prior disciplinary proceeding before the Grievance Committee which resulted in a surrender of the respondent's license to

1. Two charges were made against the respondent. The second was dismissed by the hearing committee after evidence had been presented, and is not discussed in this opinion.

practice law in October 1955. He was not reinstated until September 21, 1961, almost six years after the suspension occurred.

The respondent has not demonstrated serious concern about these disciplinary proceedings in that he did not file an answer and has not appeared in person at the pretrial conference or at either of the two Grievance Committee hearings. He has now moved to Louisiana and is not practicing law.

Although the respondent's attorney urged that the respondent's difficulties are largely psychological in nature, no evidence of this was submitted and the respondent, notwithstanding every opportunity, has failed to avail himself of psychiatric help. He was given an opportunity during the course of the proceedings to raise the question of disability under C.R.C.P. 256, but he elected not to do so.

The respondent has made partial restitution, but only after the present proceedings were far advanced. The offense was most serious, has inflicted serious loss upon the respondent's client, and reflects adversely on the legal profession.

Upon consideration of all aggravating and mitigating factors before us, we conclude that the respondent has demonstrated by his conduct that he is unable to properly discharge his professional duties, *see* A.B.A. Standards for Lawyer Disciplinary and Disability Proceedings § 1.1, and that disbarment is the appropriate discipline.

We order that the respondent be disbarred and that his name be stricken from the roll of attorneys authorized to practice before this court. The respondent is also ordered to pay costs in the amount of $565.01 incurred in this proceeding and to pay $1154.04 as restitution to the clerk of this court for the benefit of his client. Restitution and costs shall be paid in full on or before December 31, 1981. In addition, the respondent may not apply for reinstatement for a period of eight years. Any such application must show that restitution has been made and that rehabilitation has occurred. *See* C.R.C.P. 254. Thereafter, as a condition to reinstatement, the respondent shall be required to demonstrate his competence to practice law again by taking and passing the Colorado bar examination. *See generally People v. Kluver*, Colo., 611 P.2d 971 (1980); *People v. Beck*, Colo., 610 P.2d 1069 (1980).