**PRESIDENT'S COMPANY, a Colorado corporation, and Ronald F. Weiszmann, Plaintiffs–Appellants,**

v.

**Eddie WHISTLE and Paul Whistle, Defendants–Appellees.**

No. 90CA992.

Colorado Court of Appeals, Div. III.

May 23, 1991.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

Ronald F. Weiszmann, pro se.

Sawaya & Rose, P.C., Richard B. Rose, Denver, for defendants-appellees.

Opinion by Judge TURSI.

Plaintiffs, Presidents Company and Ronald F. Weiszmann, appeal the trial court's judgment dismissing their request for injunctive and declaratory relief against defendants, Eddie and Paul Whistle, and their attorneys, Lori J. Coulter and George T. Ashen. We affirm the judgment of dismissal, but remand the cause for reconsideration of the trial court's order granting attorney fees.

The following facts underlie this appeal. When the Whistles purchased a travel agency from plaintiffs, the parties agreed in writing to arbitrate all disputes. Accordingly, when Paul Whistle instituted a lawsuit in state district court against Ron Weiszmann, d/b/a Jefferson Travel Agency, d/b/a Presidents Companies, for breach of contract, the action was dismissed without prejudice in view of the arbitration clause.

An arbitration proceeding was then commenced between the parties. However, for various reasons the arbitration was not held, and later it was temporarily stayed during the disposition and dismissal of an involuntary bankruptcy against Weiszmann. Whether the arbitration proceeding is presently pending has been hotly disputed.

Subsequent to commencement of arbitration, Eddie Whistle was named as a defendant by United Airlines in federal district court alleging her liability resulting from plaintiffs' breach of contract. She, therefore, instituted a third-party complaint and cross-claim against Weiszmann, who answered and asserted four counterclaims against her.

In his answers to the federal district court claims, and in a separate motion to dismiss, Weiszmann asserted that the court lacked subject matter jurisdiction owing to the arbitration clause in the parties' agreement. However, the court denied his motion to dismiss and held that it had subject matter jurisdiction based upon a finding that Weiszmann had in fact waived his right to arbitrate.

Plaintiffs then instituted this action in state district court requesting: (1) an injunction prohibiting defendants and their attorneys from prosecuting their federal court claims; and (2) a declaratory judgment "that the Agreement requires mandatory arbitration before the filing of the [federal district court] lawsuit." The state district court dismissed the action, and this appeal followed.

Plaintiffs contend that the trial court erroneously dismissed their state court complaint. We disagree.

■ State courts do not possess any power to restrain or enjoin federal court proceedings even though they may share concurrent jurisdiction in *in personam* actions. *Donovan v. Dallas*, 377 U.S. 408, 84 S.Ct. 1579, 12 L.Ed.2d 409 (1964), *citing Princess Lida v. Thompson*, 305 Colo. 456, 59 S.Ct. 275, 83 L.Ed. 285 (1939); *see People v. Spencer*, 185 Colo. 377, 524 P.2d 1084 (1974). Therefore, the trial court's dismissal of plaintiffs' request for injunctive relief on grounds of lack of subject matter jurisdiction was proper.

■ The trial court in this case relied upon *Gonzales v. Horan*, 138 Colo. 275, 332 P.2d 205 (1958) for the general proposition that a court which first asserts its jurisdiction over the subject matter of the action must be allowed to exhaust its jurisdiction without interference from another court.

It held that the federal court had exclusive jurisdiction over the subject matter of the suit and dismissed the request for declaratory judgment. As applicable here, we disagree with the breadth of this holding; however, under the totality of the circumstance, we conclude that the trial court did not commit reversible error.

■ Generally, when state and federal courts have concurrent jurisdiction, *in personam* actions involving similar issues may proceed simultaneously in both forums. *Dawn v. Mecom*, 520 F.Supp. 1194 (D.Colo. 1981); *Gilbert v. School District No. 50, Adams County* 485 F.Supp. 505 (D.Colo. 1980). Therefore, a state court may entertain an *in personam* action even though another action regarding the same or similar claim is pending in the federal district court. Restatement (Second) of Conflict of Laws § 86 comments a & b (1971).

■ State and federal courts must refrain from interfering with or restraining each other's *in personam* proceedings based upon concurrent jurisdiction, "at

least until judgment is obtained in one of them which may be set up as *res judicata* in the other." *Donovan v. Dallas, supra.*

Therefore, as here, a trial court may properly exercise its discretion and refuse to grant declaratory relief if it neither serves a valid legal purpose nor has a practical effect upon a controversy. C.R. C.P. 57(f); *Crowe v. Wheeler,* 165 Colo. 289, 439 P.2d 50 (1968); *Lakewood Fire Protection District v. Lakewood,* 710 P.2d 1124 (Colo.App.1985).

█ And, when determining whether to exercise its judicial discretion, courts should consider whether another action involving the same set of circumstances is pending before another court. "Where a declaratory action presents issues which would necessarily be settled by another pending state or federal action, the court should weigh the relative merits of each of the two actions *as of the time of the hearing on the motion to dismiss.*" 6A *Moore's Federal Practice* ¶ 57.08 [6.–1] (1991) (emphasis in original).

Examination of the factual predicates here discloses that the federal court's disposition of the mandatory arbitration issue may dispose of the ultimate issue which plaintiffs seek to have determined by declaratory judgment. Furthermore, there is support for the trial court's conclusion that plaintiffs appeared to be forum-shopping and improperly utilizing declaratory relief for the purpose of "procedural fencing" or to "provide an arena for a race to *res judicata.*" *People Express Airlines, Inc. v. Andrew,* 86 B.R. 644 (D.Colo.1988), citing *Grand Trunk Western R.R. v. Consolidated Rail Corp.,* 746 F.2d 323 (6th Cir. 1984).

Neither Paul Whistle nor Presidents Co. are joined as parties in the federal court action. Because this peculiar procedural posture gives rise to the possibility that disposition of the issues in the federal arena may not necessarily or completely dispose of all issues raised in the state court action, plaintiffs argue that the state court's denial of the requested declaratory relief could improperly retard the administration of justice by depriving them of a forum in which to litigate their dispute. However, a dismissal for lack of jurisdiction is without prejudice. *See* C.R.C.P. 41(b)(3).

Furthermore, inasmuch as the federal court here is able to join Paul Whistle and President's Co. as parties, and therefore address all ancillary issues on proper posturing of the parties and the issues, its final determination of the issues will be dispositive of all issues in the state court, precluding the necessity of a duplicative state court determination. *See Conrad v. Denver,* 656 P.2d 662 (Colo.1982); *State Farm Mutual Automobile Insurance Co. v. Travelers Indemnity Co.,* 272 F.Supp. 803 (D.Colo.1967).

█ Plaintiffs also contend that the trial court erred by granting defendants attorney fees pursuant to § 13–17–102, C.R.S. (1990 Cum.Supp.) for bringing an action lacking substantial justification.

The record supports the trial court's award of attorney fees for plaintiffs' request for injunctive relief, and that portion of the award is affirmed. *See Metro National Bank v. Parker,* 773 P.2d 633 (Colo. App.1989).

However, in light of our conclusion that in so far as the claim of declaratory judgment may be an *in personam* action in which concurrent jurisdiction exists even though exercise thereof must be stayed pending resolution of the federal district court matter, *see Gonzales v. Horan, supra,* we remand the order awarding attorney fees to the trial court for reconsideration whether plaintiffs' declaratory judgment claim lacks substantial justification.

The trial court's order dismissing plaintiffs' request for injunctive relief and awarding attorney fees for this claim is

affirmed. The order dismissing plaintiffs' request for declaratory judgment is affirmed. The order awarding attorney fees in favor of defendants for the declaratory judgment claim is remanded for reconsideration.

CRISWELL and ENOCH *, JJ., concur.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).