**COLORADO SUPREME COURT GRIEV-ANCE COMMITTEE its chair, David L. Wood; and Linda Donnelly, Disciplinary Counsel, Petitioners,**

v.

**DISTRICT COURT, CITY AND COUNTY of DENVER, COLORADO, and Judge Robert S. Hyatt, District Court Judge, Respondents.**

**No. 92SA437.**

Supreme Court of Colorado,
En Banc.

April 19, 1993.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Maurice G. Knaizer, Deputy Atty. Gen., Alesia M. McCloud–Chan, Asst. Atty. Gen., Denver, for petitioners.

Kelly/Haglund/Garnsey & Kahn, Edwin S. Kahn, Denver, for respondents.

Justice ERICKSON delivered the Opinion of the Court.

In this original proceeding filed pursuant to C.A.R. 21, the Colorado Supreme Court

Grievance Committee, its chair, and Disciplinary Counsel (collectively "the petitioners") seek an order dismissing a complaint filed by Macon Cowles in the District Court for the City and County of Denver, alleging that DR 7–107(G) of the Code of Professional Responsibility was facially unconstitutional and unconstitutional as applied. The petitioners assert that the respondent district court lacked subject-matter jurisdiction over the complaint and erroneously denied their motion to dismiss the action. We issued a rule to show cause and now make the rule absolute.

I

Cowles, an attorney licensed in Colorado, filed a class action complaint on behalf of a group of residents of Globeville, Colorado, against ASARCO, Inc. during the summer of 1991. On August 21, 1991, Neighbors for a Toxic–Free Community, a citizen's environmental group, and the local chapter of the Sierra Club, held a press conference outside the entrance gate to ASARCO's plant. Cowles spoke at the press conference and also gave interviews to the press.

In September 1991, counsel for ASARCO sent a letter to the Office of Disciplinary Counsel, alleging that Cowles's extrajudicial statements to the press violated DR 7–107(G).[1] Cowles responded to the allegations in a letter to the Office of Disciplinary Counsel. In December 1991, the Office of Disciplinary Counsel notified Cowles that it was proceeding with an investigation of the allegations.

In February 1992, Cowles filed a complaint in the District Court for the City and County of Denver, alleging that DR 7–107(G) was facially unconstitutional and unconstitutional as applied because it violated the First Amendment to the United States Constitution and article II, section 10 of the Colorado Constitution. After Cowles filed the complaint, the Office of Disciplinary Counsel notified him that it would suspend its investigation pending resolution of Cowles's constitutional claims. The petitioners subsequently filed a motion to dismiss Cowles's complaint based on lack of subject-matter jurisdiction and for failure to state a claim upon which relief could be granted.

■ The district court denied the petitioners' motion, finding that "subject matter jurisdiction to address the constitutionality of a Disciplinary Rule promulgated by the Colorado Supreme Court is not precluded by statute, rule, or case law." We disagree with the district court and conclude that a district court does not have subject-matter jurisdiction to determine the constitutionality of a disciplinary rule while a disciplinary proceeding is pending against the attorney who alleges that the disciplinary rule is unconstitutional.[2]

II

Article VI, section 9 of the Colorado Constitution defines the subject-matter jurisdiction conferred on district courts. Article VI, section 9 provides that "[t]he district courts shall be trial courts of record with

---

1. DR 7–107(G) provides:

A lawyer or law firm associated with a civil action shall not during its investigation or litigation make or participate in making an extrajudicial statement, other than a quotation from or reference to public records, that a reasonable person would expect to be disseminated by means of public communication and that relates to:

(1) Evidence regarding the occurrence or transaction involved.

(2) The character, credibility, or criminal record of a party, witness, or prospective witness.

(3) The performance or results of any examinations or tests or the refusal or failure of a party to submit to such.

(4) His opinion as to the merits of the claims or defenses of a party, except as required by law or administrative rule.

(5) Any other matter reasonably likely to interfere with a fair trial of the action.

Subsequent to the events at issue in this case, the Colorado Supreme Court adopted the Colorado Rules of Professional Conduct which became effective January 1, 1993. The Rules of Professional Conduct superseded and replaced the Code of Professional Responsibility.

2. Cowles's allegations that DR 7–107(G) is facially unconstitutional or unconstitutional as applied, in light of *Gentile v. State Bar of Nevada,* —— U.S. ——, 111 S.Ct. 2720, 115 L.Ed.2d 888 (1991), are not before us in this original proceeding.

general jurisdiction, and shall have original jurisdiction in all civil, probate, and criminal cases, except as otherwise provided herein, and shall have such appellate jurisdiction as may be prescribed by law." Colo. Const. art. VI, § 9. Although the judicial power granted to district courts under article VI, section 9 is very broad, it is not unlimited. *Meyer v. Lamm,* 846 P.2d 862, 869 (Colo.1993); *see also In re A.W.,* 637 P.2d 366, 373–74 (Colo.1981); *President's Co. v. Whistle,* 812 P.2d 1194, 1196 (Colo.App.1991).

In fact, the respondent district court concedes that district courts do not have subject-matter jurisdiction over disciplinary proceedings because they are not strictly civil or criminal cases. Instead, attorney disciplinary proceedings are *sui generis.* *People v. Morley,* 725 P.2d 510, 514 (Colo. 1986); *People v. Harfmann,* 638 P.2d 745, 748 (Colo.1981); ABA Standards for Lawyer Discipline and Disability Proceedings § 1.2 (1979); *see also People v. Howard,* 147 Colo. 501, 503–04, 364 P.2d 380, 381 (1961) (drawing distinction between attorney disciplinary proceedings and criminal or civil actions), *cert. denied,* 369 U.S. 819, 82 S.Ct. 830, 7 L.Ed.2d 784 (1962).

The district court has concluded, however, that an action challenging the constitutionality of a disciplinary rule promulgated by the Colorado Supreme Court is a civil proceeding, and, as such, is within the jurisdiction of district courts as defined by article VI, section 9. To evaluate the conclusion reached by the district court, we examine the relationship between the attorney disciplinary rules and the procedural rules promulgated for use in attorney disciplinary proceedings.

### III

The Colorado Supreme Court, as part of its inherent and plenary powers,

has exclusive jurisdiction over attorneys and the authority to regulate, govern, and supervise the practice of law in Colorado to protect the public. *Unauthorized Practice of Law Comm. v. Grimes,* 654 P.2d 822, 823 (Colo.1982); *Denver Bar Ass'n v. P.U.C.,* 154 Colo. 273, 277, 391 P.2d 467, 470 (1964); *Conway–Bogue Realty Inv. Co. v. Denver Bar Ass'n,* 135 Colo. 398, 407, 312 P.2d 998, 1002–03 (1957); *see also* C.R.C.P. 241.1(b) ("[e]very lawyer licensed to practice law in the State of Colorado is subject to the disciplinary and disability jurisdiction of the Colorado Supreme Court").[3]

The inherent powers of the Colorado Supreme Court include the "exclusive power to admit applicants to the bar of this State; to prescribe the rules to be followed in the discipline of lawyers; and to revoke a license to practice law, or otherwise assess penalties in disciplinary proceedings." *Petition of the Colorado Bar Ass'n,* 137 Colo. 357, 366, 325 P.2d 932, 937 (1958); *see also People v. Susman,* 196 Colo. 458, 464, 587 P.2d 782, 786 (1978) (holding that the Colorado Supreme Court, as part of its inherent powers, has "the ultimate and exclusive responsibility for the structure and administration of disciplinary proceedings against lawyers"); *People v. Radinsky,* 176 Colo. 357, 359–60, 490 P.2d 951, 952 (1971) (holding that Colorado Supreme Court has inherent power to suspend attorneys). Pursuant to its inherent power to establish attorney disciplinary rules, the Colorado Supreme Court promulgated the Code of Professional Responsibility.

To effectuate these disciplinary rules, the Colorado Supreme Court adopted the Colorado Rules of Procedure Regarding Lawyer Discipline and Disability Proceedings and Mandatory Continuing Legal Education and Judicial Education (the "Rules of Procedure"). *See* C.R.C.P. 241.1 to

---

**3.** The United States Supreme Court has recognized the important interest that states have in maintaining and regulating the professional conduct of the attorneys that they license. *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n,* 457 U.S. 423, 434–35, 102 S.Ct. 2515, 2522–23, 73 L.Ed.2d 116 (1982). Based on the important state interest and the *Younger* absten-

tion doctrine, federal courts have declined to hear challenges to the constitutionality of disciplinary rules that are the subject of pending state disciplinary proceedings. *Id.; see also Goodrich v. Supreme Court,* 511 F.2d 316, 317 (8th Cir.1975); *Taylor v. Kentucky State Bar Ass'n,* 424 F.2d 478, 482 (6th Cir.1970).

260.7. The Rules of Procedure provide the procedural mechanism for attorney disciplinary proceedings and were established to provide an efficient, orderly, and systematic method to govern attorney discipline.

Under the Rules of Procedure, the Colorado Supreme Court appoints a Disciplinary Counsel that serves at the pleasure of the Colorado Supreme Court. C.R.C.P. 241.4. The Disciplinary Counsel conducts investigations into the alleged misconduct of licensed attorneys. C.R.C.P. 241.10. If an investigation results in the filing of a formal complaint against an attorney, a hearing is subsequently conducted before a three-member hearing board designated by the Chairman or the Vice–Chairman of the Grievance Committee. C.R.C.P. 241.14.[4]

The hearing board assesses the credibility of all evidence and acts as the fact finder in an attorney disciplinary proceeding. *People v. Distel*, 759 P.2d 654, 662 (Colo.1988). A hearing panel of the Grievance Committee can subsequently dismiss a formal complaint filed against an attorney, order an admonition imposed on an attorney, or refer the matter to the Colorado Supreme Court with a recommendation for discipline, stating specifically the form of discipline it deems appropriate. C.R.C.P. 241.15(b).

■ The Colorado Supreme Court is not bound by the recommendation, however, and it ultimately decides what discipline, if any, is appropriate. *People v. Vigil*, 779 P.2d 372, 375 (Colo.1989); *People v. Davis*, 620 P.2d 725, 726 (Colo.1980); *see also Peo-*ple v. Shipp, 793 P.2d 574, 575 (Colo.1990) (holding that recommendations of Grievance Committee are only advisory); *People v. Berge*, 620 P.2d 23, 28 (Colo.1980) (same). Moreover, pursuant to C.R.C.P. 241.15(c), the Colorado Supreme Court has explicitly reserved "the authority to review any determination made in the course of a disciplinary proceeding and to enter any order with respect thereto." C.R.C.P. 241.15(c).

The Rules of Procedure are specifically designed to provide the sole and exclusive means for an attorney to contest alleged violations of the disciplinary rules. In promulgating the Rules of Procedure to address attorney disciplinary proceedings, the Colorado Supreme Court did not provide for district courts to perform any role in the process. Accordingly, we conclude that district courts may not exercise subject-matter jurisdiction over a civil action if such exercise of jurisdiction interferes with ongoing disciplinary proceedings and the inherent power of the Colorado Supreme Court to regulate, govern, and supervise the practice of law.

## IV

By challenging the constitutionality of a disciplinary rule, which is the subject of an ongoing disciplinary proceeding pursuant to the Rules of Procedure, an attorney in effect is attempting to circumvent the established provisions of the Rules of Procedure. We refuse to allow attorneys to achieve such an outcome.[5]

**4.** The Grievance Committee is composed of nineteen members, fifteen of which must be attorneys. Like the Disciplinary Counsel, the members of the Grievance Committee are appointed by and serve at the pleasure of the Colorado Supreme Court. *See* C.R.C.P. 241.2.

**5.** The parties agree that the question presented in this case is an issue of first impression and do not provide any cases directly addressing the issue from other jurisdictions.

The United States Supreme Court has addressed the constitutionality of state attorney-disciplinary rules on numerous occasions. *See, e.g., Gentile v. State Bar of Nevada,* —— U.S. ——, 111 S.Ct. 2720, 115 L.Ed.2d 888 (1991) (rule regarding extrajudicial statements); *Peel v. Attorney Registration & Disciplinary Comm'n of Illinois,* 496 U.S. 91, 110 S.Ct. 2281, 110 L.Ed.2d 83 (1990) (rule prohibiting attorneys from holding themselves out as specialists); *Zauderer v. Office of Disciplinary Counsel of Ohio,* 471 U.S. 626, 105 S.Ct. 2265, 85 L.Ed.2d 652 (1984) (rule regarding advertising by attorneys); *In re R.M.J.,* 455 U.S. 191, 102 S.Ct. 929, 71 L.Ed.2d 64 (1982) (same); *Ohralik v. Ohio State Bar Ass'n,* 436 U.S. 447, 98 S.Ct. 1912, 56 L.Ed.2d 444 (1978) (rule regarding solicitation by attorneys); *In re Primus,* 436 U.S. 412, 98 S.Ct. 1893, 56 L.Ed.2d 417 (1978) (same); *Bates v. State Bar of Arizona,* 433 U.S. 350, 97 S.Ct. 2691, 53 L.Ed.2d 810 (1976) (rule regarding advertising by attorneys).

In all of these cases, the attorney made the unconstitutionality argument within the framework of the disciplinary proceedings. Following a decision by the highest court of the state,

In our view, a district court lacks subject-matter jurisdiction to entertain a complaint concerning the constitutionality of a disciplinary rule that is at issue in an ongoing disciplinary proceeding because the question of constitutionality is inextricably intertwined with the disciplinary proceeding itself. As such, the constitutional challenges fall within the inherent power and exclusive jurisdiction of the Colorado Supreme Court to regulate, govern, and supervise the practice of law. Such a conclusion is sound because a decision by a district court regarding the constitutionality of the rule at issue in an ongoing disciplinary proceeding necessarily interferes with the operation of the process established by the Colorado Supreme Court in the Rules of Procedure.[6]

Policy considerations further buttress our decision that district courts lack subject-matter jurisdiction to determine the constitutionality of a disciplinary rule while a disciplinary proceeding is pending. It is undisputed that the process established by the Rules of Procedure allows an attorney to raise constitutional claims, such as those brought before the district court here, that a disciplinary rule is facially unconstitutional or unconstitutional as applied. *See, e.g., People v. Morley*, 725 P.2d 510, 515–17 (Colo.1986) (addressing claims that disciplinary rule was facially unconstitutional and unconstitutional as applied); *see also People v. Senn*, 824 P.2d 822, 824 (Colo. 1992) (addressing equal protection argument). Our conclusion that district courts lack jurisdiction to address unconstitutionality claims therefore enhances judicial economy by adjudicating all claims in the forum established by the Rules of Procedure. Needless expenditure of judicial time and resources is avoided by eliminating unnecessary review by a district court in favor of adjudication in the established alternative forum.

Moreover, requiring attorneys to present their arguments in the manner provided by the Rules of Procedure does not impose a substantial hardship on the attorneys. Nor do we agree with the district court's assertion that the quality of judicial decision-making would be substantially enhanced by allowing district courts to hear and address the unconstitutionality claims. In our view, there is an adequate opportunity for the parties to develop a record through the established procedures to allow for review of the unconstitutionality claims by the Colorado Supreme Court.

Based on the forgoing considerations, we hold that a district court lacks subject-matter jurisdiction to decide the constitutionality of a disciplinary rule, facially or as applied, while a disciplinary proceeding is pending against an attorney who alleges that a disciplinary rule is unconstitutional. The narrow exception to the subject-matter jurisdiction of district courts that we delineate today is described no more broadly than necessary to resolve the case before us.[7] Accordingly, the rule to show cause is made absolute, and the district court is ordered to dismiss the complaint based on lack of subject-matter jurisdiction.

these cases then proceeded to the United States Supreme Court.

**6.** The fact that the Disciplinary Counsel voluntarily stayed its action in this case does not alter our analysis, but, in fact, highlights the potential for interference.

**7.** Moreover, having determined that the district court lacks subject-matter jurisdiction over Cowles's complaint, we do not decide whether the complaint presents a justiciable controversy. We express no opinion as to the petitioners' contention that an as-applied constitutionality claim to a disciplinary rule is not ripe prior to the completion of disciplinary proceedings. Nor do we express any view on the question of whether Cowles's facial challenge to DR 7–107(G) has been rendered moot by the subsequent adoption of the Colorado Rules of Professional Conduct to supersede and replace the Code of Professional Responsibility.