Joseph W. HIGGINS, Plaintiff–Appellant,

v.

Bill OWENS, Governor of State of Colorado, and Richard A. Wehmhoefer, Executive Director for Commission on Judicial Discipline, Defendants–Appellees.

No. 98CA2346.

Colorado Court of Appeals,
Division A.

May 11, 2000.

Certiorari Denied Nov. 28, 2000.

Joseph W. Higgins, *Pro Se*

Ken Salazar, Attorney General, Maurice G. Knaizer, Deputy Attorney General, Denver, Colorado, for Defendants–Appellees

Opinion by Judge ROY.

In this C.R.C.P. 106 proceeding, petitioner, Joseph W. Higgins, appearing *pro se,* appeals from a district court judgment dismissing his complaint. We affirm.

Petitioner filed a complaint with the Commission on Judicial Discipline (Commission) alleging judicial misconduct by a trial court judge in imposing a sentence on petitioner without a trial or an admission of guilt. The Commission dismissed the complaint concluding that the propriety of the sentence was an appellate issue over which the Commission had no authority. *See* C.R.J.D. 13; *In re Marriage of Mann,* 655 P.2d 814 (Colo.1982).

Seeking an order to compel the Governor and the Executive Director of the Commission to conduct an investigation of the sentencing judge, petitioner initiated this action pursuant to C.R.C.P. 106(a)(2) and 106(a)(4) in the District Court for the City and County of Denver. The district court dismissed the action on the grounds that (1) the petitioner had not shown a clear right to the relief sought as required under C.R.C.P. 106(a)(2) and, (2) the C.R.C.P. 106(a)(4) claim was not timely filed. *See* C.R.C.P. 106(b).

Petitioner claims that the district court erred in dismissing the complaint. He argues that, if the allegations of the complaint are accepted as true, it states a cause of action under C.R.C.P. 106(a)(2) and 106(a)(4). The Attorney General asserts that the district court lacks subject matter jurisdiction over judicial disciplinary proceedings. We agree with the Attorney General.

 Article VI, § 23 of the Colorado Constitution entrusts matters of judicial discipline to the supreme court, the Commission, and to special masters appointed by the supreme court. The supreme court, however, is the ultimate decision-maker in judicial disciplinary proceedings. Colo. Const. art. VI, § 23(f); C.R.J.D. 40.

Article VI, § 9 of the Colorado Constitution provides that "[t]he district courts shall be trial courts of record with general jurisdiction, and shall have original jurisdiction in all civil, probate, and criminal cases, except as otherwise provided herein, and shall have such appellate jurisdiction as may be prescribed by law." In *Colorado Supreme Court Grievance Committee v. District Court*, 850 P.2d 150 (Colo.1993), our supreme court held that district courts do not have subject matter jurisdiction over attorney disciplinary proceedings because they are not strictly civil or criminal cases; instead, they are *sui generis.*

 Like attorney disciplinary proceedings, judicial disciplinary proceedings are *sui generis. In re Larsen*, 717 A.2d 39 (Pa.Ct. Jud.Disc.1998); *In re Inquiry Concerning a Judge*, 788 P.2d 716 (Alaska 1990); *see also Colorado Supreme Court Grievance Committee v. District Court, supra.* We conclude that district courts do not have subject matter jurisdiction to compel the Commission or its Executive Director to investigate a complaint alleging judicial misconduct. It follows that district courts also lack subject matter jurisdiction to compel the Governor to investigate a complaint for the alleged judicial misconduct.

The judgment is affirmed.

ERICKSON* and KIRSHBAUM*, JJ., concur