24CA1989 Lynne v Smith 08-14-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA1989
Larimer County District Court No. 23CV30199
Honorable Stephen J. Jouard, Judge

---

Stacy Lynne,

Plaintiff-Appellant,

v.

Justin Smith,

Defendant-Appellee.

---

JUDGMENT AFFIRMED

Division VI
Opinion by JUDGE GRAHAM*
Tow and Yun, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced August 14, 2025

---

Stacy Lynne, Pro Se

Reynolds Gillette LLC, Brian R. Reynolds, Denver, Colorado, for Defendant-Appellee

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2024.

¶ 1 Plaintiff, Stacy Lynne, appeals the district court's entry of summary judgment on July 25, 2024, in favor of defendant, Justin Smith. We affirm.

## I. Background

¶ 2 This case arises out of Lynne's claims against Smith for defamation and intentional infliction of emotional distress (IIED) based on two separate statements he posted on Facebook.

¶ 3 In March 2022, John Feyen ran for the position of Larimer County Sheriff. That month, Lynne filed suit against Feyen alleging various instances of wrongdoing related to an incident that occurred over a decade earlier when Feyen apprehended her.

¶ 4 On March 18, 2022, Smith, who was a supporter of Feyen and the Larimer County Sheriff at the time, wrote on Facebook:

> I am disappointed that desperate political games have begun. I am referring to the 11th hour lawsuit filed by self-proclaimed journalist Ms. Lynn[e] against one of the sheriff candidates in the race, attempting to smear numerous upstanding members of [the Larimer County Sheriff's Office] relating to a case that was long ago dismissed.

1

¶ 5     Smith also compared Lynne's suit to another instance when a different journalist made "completely false allegations" to influence the outcome of an election.

¶ 6     On June 11, 2022, Smith posted more specifically about Lynne's previous arrest and how the charges against her were "appropriately dropped."

¶ 7     In March 2023, Lynne filed this action against Smith, seeking damages for defamation and IIED, which she alleged resulted from Smith's Facebook posts.  After proceeding through significant discovery, in March 2024, Smith filed a motion for summary judgment.  Smith argued that (1) his March 18, 2022, statement was not defamatory or, alternatively, was constitutionally privileged opinion; (2) his June 11, 2022 statement was not materially untrue; (3) Lynne was unable to prove Smith acted with actual malice; and (4) in the absence of defamation, Lynne's IIED claim could not proceed.

¶ 8     In July 2024, the court granted Smith's motion, determining that (1) the statements in the first post were constitutionally protected opinion or rhetorical hyperbole and not defamatory; (2) there was insufficient evidence to show that Smith knew with a

high degree of awareness that the statements in the second post were false and that the "substance, the gist, the sting, of the matter" was true; and (3) the posts were not outrageous conduct or otherwise done recklessly with the intent of causing Lynne severe emotional distress.

¶ 9     The court also denied Lynne's motion for post-trial relief, stating that Lynne had failed to establish that the summary judgment was based on any irregularity, error of law, or failure to consider proffered evidence, nor had she provided any new evidence that would have changed the outcome.

¶ 10     In August 2024, Lynne filed a motion for sanctions against Smith's counsel, Brian Reynolds, alleging he had engaged in misconduct throughout Smith's representation.  Although the court stated that it had serious concerns that Reynolds had engaged in misconduct, it declined to impose sanctions in the case, choosing instead to refer the matter to the Office of Attorney Regulation Counsel (OARC).[1]

---

[1] Lynne included a copy of a letter from the OARC regarding this matter in her briefing, which we struck because it contained material that is not part of the record on appeal in this matter.

## II.  Applicable Law and Standard of Review

¶ 11    C.A.R. 28(a)(7)(B) requires that an appellant's brief contain a "clear and concise discussion of the grounds upon which the party relies in seeking a reversal or modification of the judgment." Appellate courts cannot "rewrite a pro se litigant's pleadings" or act as their advocate. *Johnson v. McGrath*, 2024 COA 5, ¶ 10. "We will not consider a bald legal proposition presented without argument or development. [The appellate brief] must inform the court both as to the specific errors asserted and the grounds, supporting facts, and authorities to support [the party's] contentions." *Barnett v. Elite Props. of Am., Inc.*, 252 P.3d 14, 19 (Colo. App. 2010) (citation omitted). When a party fails to identify how the trial court erred, by citing authority and supporting facts, we will not review the ruling. *Westrac, Inc. v. Walker Field*, 812 P.2d 714, 718 (Colo. App. 1991).

¶ 12    "The Colorado Supreme Court . . . has exclusive jurisdiction over attorneys and the authority to regulate, govern, and supervise the practice of law in Colorado to protect the public." *Colo. Sup. Ct. Grievance Comm. v. Dist. Ct.*, 850 P.2d 150, 152 (Colo. 1993). Whether to impose sanctions and the nature of the sanctions to be imposed are matters within the sound exercise of the district court's

discretion. *Newell v. Engel*, 899 P.2d 273, 275 (Colo. App. 1994). "[A] trial court necessarily abuses its discretion if it bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *People v. Segovia*, 196 P.3d 1126, 1129 (Colo. 2008). Appellate courts can review ethical violations, by an attorney, if they become intertwined with the litigation. *Murray v. Just In Case Bus. Lighthouse, LLC*, 2016 CO 47M, ¶ 16.

¶ 13    We review a district court's order granting summary judgment de novo. *Westin Operator, LLC v. Groh*, 2015 CO 25, ¶19. "Summary judgment is appropriate only when no genuine issues of material fact are disputed, and the moving party is entitled to judgment as a matter of law." *Macomber v. Nations Roof, LLC*, 2025 COA 59, ¶ 12; *see* C.R.C.P. 56(c). The movant bears the burden of establishing that there are no disputed genuine issues of material fact, and the party opposing summary judgment is entitled to the benefit of all reasonable favorable inferences that may be drawn from the facts. *Univ. of Denver v. Doe*, 2024 CO 27, ¶ 8.

¶ 14    We review a district court's denial of a motion for a new trial for an abuse of discretion. *Rains v. Barber*, 2018 CO 61, ¶ 8. Under C.R.C.P. 59(d), a court may grant a new trial when the

movant shows an irregularity in the proceedings, newly discovered evidence, or any error in the application of the law among other things.

### III. Analysis

¶ 15    Lynne's brief lacks a "clear and concise discussion of the grounds upon which [she] relies in seeking a reversal or modification of the judgment" and therefore does not comply with C.A.R. 28(a)(7)(B).  Lynne provides no authority nor alleges that there was any dispute of material fact to support her contention that Smith was not entitled to judgment as a matter of law. Nonetheless, we address the arguments we can discern.

¶ 16    As we understand it, Lynne primarily argues that the district court erred by declining to sanction Reynolds for the prejudicial damage his conduct had caused, which allegedly limited her ability to gather evidence in the case, and for general mistreatment.  But Lynne does not provide what evidence she might have uncovered but for his conduct, nor does she establish any other legally cognizable nexus between his conduct and the litigation or the judgment.  *See Maul v. Shaw*, 843 P.2d 139, 142 (Colo. App. 1992), *abrogated on other grounds by Elrick v. Merrill*, 10 P.3d 689, 689-90

(Colo. App. 2000). Because this nexus must exist before the district court may exercise its discretion to order sanctions against a client for attorney conduct, we determine that the court did not err by declining to order such sanctions. *See Domenico v. Sw. Props. Venture*, 914 P.2d 390, 393 (Colo. App. 1995). Referral to the OARC was also the proper avenue since the district court lacked jurisdiction to impose sanctions in such circumstances. *See Colo. Sup. Ct. Grievance Comm.*, 850 P.2d at 152.

¶ 17 Lynne's secondary argument is that the district court erred by granting judgment in favor of Smith in light of Reynolds' actions. She makes the bald proposition, without legal argument or authority, that, due to Reynolds' actions, the district court was not properly informed when it issued judgment.

¶ 18 Upon reviewing the record and legal authority, we perceive no error in the district court's ruling in favor of Smith. Lynne did not allege any genuine issues of material fact in her response to Smith's motion for summary judgment that would preclude judgment. And in her post-trial motion, Lynne did not argue the presence of any irregularity, new evidence, error of law, or failure to consider proffered evidence. *See* C.R.C.P. 56, C.R.C.P. 59(d). Therefore, the

court did not err by ruling in favor of Smith, who met his burden, while Lynne did not.

## IV.   Disposition

¶ 19    We affirm the judgment of the trial court.

JUDGE TOW and JUDGE YUN concur.