In re the PEOPLE of the State
of Colorado, Complainant,

v.

Jerold Lewis TRUPP, Respondent.

No. 01SA391.

Supreme Court of Colorado,
En Banc.

June 10, 2002.

Jaudon & Avery, LLP Joseph C. Jaudon David H. Yun Denver, Colorado, Attorneys for Complainant.

Jerold L. Trupp, Denver, Colorado, Respondent, pro se.

Roger L. Keithley, Presiding Disciplinary Judge, Denver, Colorado On behalf of the Office of the Presiding Disciplinary Judge.

Justice HOBBS delivered the Opinion of the Court.

We hold in this attorney regulation case that: (1) the Presiding Disciplinary Judge has exclusive authority over a C.R.C.P. 11(a) motion, and (2) only the assistant attorney regulation counsel who signed the complaint and amended complaint is answerable to the motion.

After the Presiding Disciplinary Judge suspended Respondent attorney Jerold Trupp's ("Trupp") license to practice law due to child support arrearages, the Colorado Supreme Court Attorney Regulation Counsel's office commenced formal disciplinary proceedings against Trupp, alleging violations of the Colorado Rules of Professional Conduct. At the close of the evidence, the Hearing Board entered a decision in favor of Trupp.

Trupp then filed a motion requesting the Presiding Disciplinary Judge ("PDJ") to impose C.R.C.P. 11(a) sanctions against Attorney Regulation Counsel John S. Gleason ("Gleason"), Assistant Regulation Counsel Teresa M. Garcia ("Garcia"), Deputy Regulation Counsel Nancy Cohen ("Cohen"), and the Attorney Regulation Committee ("the Committee"). In response to the motion, the PDJ entered an order for a hearing before the Hearing Board on Trupp's C.R.C.P. 11(a) motion, but limited the hearing to Gleason and Garcia because only their names appeared in the signature block on the complaint and amended complaint. But, only Garcia had signed both of those pleadings.

Gleason and Garcia filed a motion to stay the C.R.C.P. 11(a) hearing while they petitioned this court for relief pursuant to C.R.C.P. 251.1(d) and C.A.R. 21.[1] We take jurisdiction of this matter because it involves an issue of first impression under Colorado's revised attorney regulation system.

We make the rule absolute in part and discharge it in part. The PDJ has sole jurisdiction over a C.R.C.P. 11(a) motion, and only the assistant attorney regulation counsel who signed the complaint and amended complaint is answerable to the motion.

## I.

The underlying case commenced when the Deputy Clerk of the Colorado Supreme Court forwarded information to the Office of Attorney Regulation regarding a possible problem with Trupp's child support obligations.[2] For the years 2000 and 2001,

---

1. In their petition for review, Garcia and Gleason raised three issues:

   1. Whether the Hearing Board has jurisdiction to decide Trupp's motion for C.R.C.P. 11 sanctions against Gleason and Garcia when C.R.C.P. 251.18(d) designates only the Presiding Disciplinary Judge to decide all motions filed in the course of a disciplinary action.
   2. Whether the Hearing Board or the Presiding Disciplinary Judge has any authority to impose C.R.C.P. 11 sanctions against Gleason when Rule 11 allows imposition of sanctions against only the person who signs the pleading and the representative party.
   3. Whether it would be an abuse of discretion for either the Hearing Board or the Presid-

ing Disciplinary Judge to impose any sanction against Garcia, Gleason, or the Office of Attorney Regulation Counsel.

Because the PDJ has not ruled on the C.R.C.P. 11(a) motion, the third issue is not ripe for review, and we do not rule on it. *See Bd. of County Comm'rs v. County Rd. Users Ass'n,* 11 P.3d 432, 438 (Colo.2000) (stating that "a court has no jurisdiction to render an advisory opinion on a controversy that is not yet ripe, or to decide a case on speculative, hypothetical, or contingent set of facts").

2. Pursuant to Colorado law, attorneys, when registering annually for their licenses to practice law, must answer questions regarding child support obligations. If an attorney is found to be in

Trupp's attorney registration certifications suggested that he was not in compliance with his child support obligations but was taking measures to comply. Colorado Assistant Attorney Regulation Counsel Garcia, along with Mary Lynne Elliott, an investigator for the Attorney Regulation Counsel, conducted an investigation into Trupp's child support payment history.

At the close of the investigation, Garcia submitted the results in a report to the Committee pursuant to C.R.C.P. 251.11 and 251.12. Garcia signed the report. Garcia and Gleason attended the Committee's meeting regarding the Trupp report, during which the Committee determined that reasonable grounds for discipline existed. As a result, the Committee authorized the Office of Attorney Regulation Counsel to file a complaint against Trupp.

Garcia signed and filed a petition for immediate suspension of Trupp's license to practice law.[3] Subsequently, she signed and filed a complaint commencing formal grievance proceedings against Trupp, and, later, filed an amended complaint. Gleason's name appeared in the signature block of the complaint and amended complaint, but he did not sign either pleading.

The signature block on the complaint and amended complaint appeared as follows:

/s/ Teresa M. Garcia

Teresa M. Garcia, # 17440

Assistant Regulation Counsel

John S. Gleason, # 15011

Regulation Counsel

Attorneys for Complainant

Upon consideration of the suspension petition, the PDJ placed Trupp on immediate suspension. Subsequent to the suspension hearing, the full Hearing Board heard the merits of the disciplinary action, with the PDJ presiding. The Hearing Board decided in Trupp's favor. Trupp then filed a motion for C.R.C.P. 11(a) sanctions against Gleason, Cohen, Garcia, and the Committee.

The PDJ ordered a hearing before the full Hearing Board to determine if Garcia and Gleason had violated C.R.C.P. 11(a). The PDJ limited the hearing to Garcia and Gleason because only their names appeared on the complaint and amended complaint.[4] Garcia and Gleason then filed their petition for review of the PDJ's order with this court.

## II.

We hold that: (1) the PDJ has exclusive authority over a C.R.C.P. 11(a) motion, and (2) only the assistant attorney regulation counsel who signed the complaint and amended complaint is answerable to the motion.

■ We conduct de novo review of the PDJ's procedural order in this case. See C.R.C.P. 251.27(b) (stating that "the Su-

---

arrears, his or her license is subject to immediate suspension. See C.R.C.P. 251.8.5(b).

3. Pursuant to C.R.C.P. 251.8.5, regulation counsel may file a petition for suspension if "[u]pon receipt of reliable information [she finds] that an attorney is in arrears in payment under a child support order, or has failed to comply with subpoenas or warrants relating to paternity or child support proceedings." Suspension under this rule does not bar additional disciplinary action. See C.R.C.P. 251.8.5(a).

4. In his order, the PDJ: (1) ordered Trupp to set a hearing date; (2) established the evidence that would be considered at the hearing; and (3) limited the proceeding to Garcia and Gleason, and to the issues raised in Trupp's motion for sanctions. The PDJ's written order stated:

1. Respondent [Trupp] to set this matter for a hearing before the full Hearing Board to be held within twenty (20) days of the date of this order;

2. All evidence at the trial on October 15, 2001 will be considered by the PDJ and Hearing Board at the Rule 11 hearing. The parties may also present further evidence.

3. The hearing shall be limited to those issues raised in respondent [Trupp]'s motion captioned "Other Matters Requested To Be Included In Final Order" filed October 22, 2001;

4. Complainant [Garcia]'s Motion to Strike is granted in part and denied in part. Complainant's Motion to Strike is GRANTED with regard to respondent's allegation that Rule 11 sanctions should be brought against certain named members of the Attorney Regulation Committee and Nancy L. Cohen in the Office of Attorney Regulation Counsel. Pursuant to C.R.C.P. 11, *supra*, the issue of sanctions shall be limited to the attorneys whose names appear on the First Amended Complaint, Teresa M. Garcia and John S. Gleason. Complainant's Motion to Strike is DENIED in all other respects.

preme Court may conduct a de novo review of the [PDJ's] conclusions of law"). In construing the attorney regulation rules, we apply the principles of statutory construction. *See Leaffer v. Zarlengo,* 44 P.3d 1072, 1078 n. 6 (Colo.2002). Using these principles, we afford the rules their commonly understood and accepted meanings, and avoid interpretations that render language redundant or superfluous, or lead to absurd results. *Id.* at 1078–79.

■ As a threshold matter, we determine that C.R.C.P. 11(a) does apply to attorney regulation proceedings, because the rules provide that attorney regulation proceedings "shall be conducted in conformity with the Colorado Rules of Civil Procedure." *See* C.R.C.P. 251.18(d). We further determine that the scope of the C.R.C.P. 11(a) inquiry in this case is limited to whether the attorney who signed the complaint and amended complaint: (1) read them; (2) undertook reasonable inquiry into them; and (3) possessed a proper purpose in filing them. *Stepanek v. Delta County,* 940 P.2d 364, 370–71 (Colo. 1997). In view of the Committee's function to determine whether reasonable grounds for discipline exist, *see* C.R.C.P. 251.12, we observe that it will be a rare circumstance in which the attorney regulation counsel who signed a complaint or an amended complaint is properly subject to a C.R.C.P. 11(a) sanction.[5]

We now turn to our discussion of the PDJ's role in determining C.R.C.P. 11(a) motions and the rule's certificate-by-signature requirement.

### A.

### The PDJ's Exclusive Authority to Rule on C.R.C.P. 11(a) Motions

■ The PDJ is responsible for procedural rulings in disciplinary proceedings. *See* C.R.C.P. 251.7(e) (conferring on the PDJ the authority to rule on Regulation Counsel's motion to activate a sanction after an attorney violates disciplinary probation); C.R.C.P. 251.7(f) (placing exclusive authority with the

PDJ to issue an order showing successful completion of probation); C.R.C.P. 251.8 (granting authority over immediate suspension hearings to the PDJ and the Supreme Court); C.R.C.P. 251.8.5 (establishing exclusive authority in the PDJ to preside over immediate suspension hearings for nonpayment of child support); C.R.C.P. 251.18(d) (imparting to the PDJ authority to administer oaths and affirmations).

Consistent with this design, C.R.C.P. 251.18(b) accords the PDJ exclusive authority to rule on motions, objections, and other matters presented. *See* C.R.C.P. 251.18(b). The PDJ's role is analogous to that of a judge presiding over a civil trial. *See* C.R.C.P. 251.18(b) (requiring the PDJ "to rule on all motions, objections, and other matters presented after the complaint is filed"). Once a complaint is filed, the Hearing Board's role in the attorney regulation system, with the PDJ ordinarily sitting as a member, *see* C.R.C.P. 251.18(b), is to hear the evidence against the charged attorney, make findings of fact and conclusions of law, and enter its decision. *See id.* (stating that "[a]ll hearings on *complaints seeking disciplinary action against a respondent* shall be conducted by a Hearing Board" (emphasis added)).

C.R.C.P. 251.19(a) sets forth the framework for the Hearing Board's decision-making process following its hearing. . C.R.C.P. 251.19(a) provides:

**(a) Hearing Board Opinion and Decision.** Within sixty days after the hearing, the Hearing Board shall prepare an opinion setting forth its findings of fact and its decision. In preparing its decision, the Hearing Board shall take into consideration the respondent's prior disciplinary record, if any. The opinion shall be signed by each concurring member of the Hearing Board. Two members are required to make a decision. Members of the Hearing Board who dissent shall also sign the opinion, provided they indicate the basis of their dissent in the opinion.

---

5. The PDJ has not ruled on the C.R.C.P. 11(a) motion. On remand, the PDJ must determine, consistent with this opinion, whether there is a legal and factual basis for the motion and any sanction.

C.R.C.P. 251.19(a). Under C.R.C.P. 251.19(b), the Board's decision may include appropriate orders and its decision is subject to post-hearing review. C.R.C.P. 251.19(b) provides:

> **(b) Decision of the Hearing Board.** *When it renders its decision,* the Hearing Board shall: (1) Determine that the complaint is not proved and enter an order dismissing the complaint;
>
> (2) Enter an order imposing private admonition, public censure, a definite period of suspension, or disbarment; or
>
> (3) Enter an order conditioned on the agreement of the attorney diverting the case to the alternatives to discipline program.
>
> *The Hearing Board may also enter other appropriate orders including, without limitation, probation, and orders requiring the respondent to pay the costs of the disciplinary proceeding, to make restitution, or to refund money paid to the respondent.*
>
> (4) Within fifteen days of entry of an order as provided in this rule or such greater time as the hearing board may allow, *a party may move for post-hearing relief as provided in C.R.C.P. 59.* In the event a motion for post-hearing relief is filed, *the Presiding Disciplinary Judge or the presiding officer shall consult with the other members of the hearing board and then rule on the motion.*

C.R.C.P. 251.19(b) (emphasis added). Trupp asserts that the "other appropriate orders" language in C.R.C.P. 251.19(b)(3) and the "shall consult" language of C.R.C.P. 251.19(b)(4) include PDJ consultation with the Hearing Board in regard to a C.R.C.P. 11(a) motion. We disagree.

The "other appropriate orders" language in C.R.C.P. 251.19(b)(3) applies to orders that are included in the Board's decision. The "shall consult" language in C.R.C.P. 251.19(b)(4)—by its reference to C.R.C.P. 59—addresses post-hearing review by the PDJ and the Hearing Board members re-

garding the Board's decision. We reach this conclusion because C.R.C.P. 59 defines post-trial relief to include new trial motions, motions for judgment notwithstanding the verdict, and motions to amend findings or amend the judgment. A motion under C.R.C.P. 59 allows for possible adjustment of the decision. *See Koch v. Dist. Court,* 948 P.2d 4, 7 (Colo.1997); Sheila K. Hyatt & Stephen A. Hess, *Colorado Civil Rules Annotated* 149 (3d ed.1998) (stating that C.R.C.P. 59 provides a means by which a party may seek review of a judgment by the trial court).

Thus, we determine that C.R.C.P. 251.19(b)(4) requires the PDJ to consult with the Board only in regard to post-hearing motions which affect its decision. Because a motion for sanctions under C.R.C.P. 11(a) is not a motion for post-hearing relief from the Hearing Board's decision under C.R.C.P. 251.19(b)(4), Trupp's motion for C.R.C.P. 11(a) sanctions is not within the Hearing Board's authority or the PDJ's consultation requirement.

We conclude that the PDJ has exclusive authority under C.R.C.P. 251.18(b) to rule on Trupp's C.R.C.P. 11(a) motion. *See* C.R.C.P. 251.18(b) (reciting that PDJ or the presiding officer shall rule on all motions, objections, and other matters presented after a complaint is filed and in the course of a hearing).

The plain language of the rules, their context, and the design of the revised attorney regulation system support our conclusion that the PDJ has exclusive authority to consider and rule on a C.R.C.P. 11(a) motion for sanctions. After consulting with an American Bar Association expert team, writing several drafts of the rules, and soliciting public comment, we adopted an attorney regulation system featuring a presiding judge who would specialize in the area of attorney regulation and sit with the Hearing Board when it heard evidence and made decisions. Under the revised system, the PDJ assumes many of the former Grievance Committee's responsibilities.[6] *See generally* Linda Donnelly et

---

**6.** A commentator says of the PDJ and the Hearing Board:

> The presiding disciplinary judge will assume many of the responsibilities that previously burdened the volunteer members of the Griev-

al., *How the New Attorney Regulation System Will Work*, 28 Colo. Law. 57 (Feb.1999) (describing the adoption and effect of the new attorney regulation system).

We now turn to C.R.C.P. 11(a)'s requirements.

### B.

### C.R.C.P. 11(a)

Trupp's request for C.R.C.P. 11(a) sanctions included Garcia, Gleason, Cohen, and the Attorney Regulation Committee. The PDJ determined that Gleason and Garcia were subject to C.R.C.P. 11(a)'s requirements because their names appeared on the pleadings filed in the proceeding against Trupp. Garcia and Gleason contend that C.R.C.P. 11(a) sanctions may apply only to the attorney who makes the C.R.C.P. 11(a) certification by signing the pleading. We agree.

We consider federal precedent when our rule is similar to the federal rule. *Air Communication & Satellite Inc. v. EchoStar Corp.*, 38 P.3d 1246, 1251 (Colo.2002). C.R.C.P. 11(a) focuses on pre-filing and pre-pleading behavior; in this regard, it is not as broad as the current, amended counterpart federal rule. Hyatt, *supra*, at 120.[7] But, C.R.C.P. 11(a)'s signature requirement is similar to the federal rule's signature requirement prior to the 1993 federal rule amendment.

Under the prior federal rule counterpart to our C.R.C.P. 11(a), a court could impose "upon the person who signed [the pleading] . . . an appropriate sanction." The United States Supreme Court interpreted this language as limiting the imposition of sanctions to the signing attorney alone. *See, e.g., Pavelic & LeFlore v. Marvel Entm't Group*, 493 U.S. 120, 126–27, 110 S.Ct. 456, 107 L.Ed.2d 438 (1989) (stating that Rule 11 contemplates sanctions against the individual who signs, not against the law firm of which that individual is a member, even if the firm's name appears in the signature block, because "the purpose of Rule 11 as a whole is to bring home to the individual signer his personal, nondelegable responsibility . . . to validate the truth and legal reasonableness of the papers filed").[8]

Under C.R.C.P. 11(a) the attorney's signature represents the certificate that may trigger sanctions, if appropriate.

> Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name.... *The signature of an attorney constitutes a certificate* by him that he has read the pleading; that to the best of his knowledge, information, and belief formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law,

ance Committee. In the past, volunteer members of the Grievance Committee had to assist in much of the administration of the hearing process, including writing of findings of fact, conclusions, and recommendations at the end of a hearing. In order to streamline procedures and reduce delay in the new system, the Presiding Disciplinary Judge will rule on all pretrial motions, sit on all the hearing boards, and draft the written findings and decision for the hearing board.

When a matter goes to trial, a board of three members will continue to hear these cases. The Presiding Disciplinary Judge will act as the Presiding Officer of the hearing board. The other two members will be drawn from a pool of lawyers and public members appointed by the Supreme Court to assist the Presiding Disciplinary Judge with hearings.

Donnelly et al., *supra*, at 58 (footnotes omitted).

7. Section 13–17–101 allows a court to order fees to be paid by any party or any attorney "who brings or defends an action which in whole or in

part lacked substantial justification, was substantially frivolous, substantially groundless, or substantially vexatious." § 13–17–101, 5 C.R.S. (2001). This section does not apply to attorney regulation proceedings. Plainly, by its terms, it applies only to "courts of record." § 13–17–101. In addition, fees are considered the functional equivalent of money damages; thus, a party may not request that they be awarded from the Attorney Regulation Counsel because the attorneys, in their official capacity, serve a prosecutorial function and are immune from fee requests under the statute. *See Hoffler v. Colo. Dep't of Corrections*, 27 P.3d 371, 375 (Colo.2001).

8. The 1993 amendment, among other things, overruled *Pavelic* by providing that Rule 11 sanctions may be imposed "upon the attorneys, *law firms*, or parties that have violated [Rule 11] or are responsible for the violation." *See* Fed. R.Civ.P. 11(c).

and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. If a pleading is not signed it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader.... *If a pleading is signed in violation of this Rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it,* a represented party, or both, *an appropriate sanction,* which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including reasonable attorney's fees....

C.R.C.P. 11(a) (emphasis added).

The first sentence of this rule requires an attorney's signature when counsel represents a party. The attorney's signature identifies the attorney responsible for compliance with the rule. Hyatt, *supra,* at 188. The signature requirement places the signing attorney on notice that it is his or her responsibility to meet the requirements of C.R.C.P. 11(a). *Id.* The rule provides that a pleading submitted without a signature must be refiled to include a signature or it will be stricken: "If a pleading is not signed it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader."

■ The scope of the C.R.C.P. 11(a) inquiry concerns whether the attorney (1) has read the pleading in question; (2) has undertaken reasonable inquiry into the pleading's factual and legal assertions; and (3) possessed a proper purpose in filing the pleading. *Stepanek v. Delta County,* 940 P.2d 364, 370 (Colo.1997). The test is one of objective reasonableness concerning the attorney's pre-filing behavior. *Id.;* Hyatt, *supra,* at 120.

■ The C.R.C.P. 11(a) inquiry does not turn on the outcome of the case; instead, it turns on whether the attorney met the reasonable inquiry and proper purpose threshold in preparing and filing the pleading. The rule's explicit application to the *signing* attorney or pro se party signing the pleading is clear and unambiguous.[9] C.R.C.P. 11(a) states that the judge may "impose on the person who signed it ... an appropriate sanction."[10] While pleadings may identify other attorneys who may have had some role in the case, the signature requirement is designed to hold only the signing attorney responsible for the required certification.[11] If more than one attorney signs a pleading, each one who has signed the pleading is responsible for the certification.

Construing C.R.C.P. 11(a) to apply to non-signing attorneys would render the plain language of the certification-by-signature requirement superfluous, contrary to statutory construction principles. *See Leaffer v. Zarlengo,* 44 P.3d 1072, 1079 (Colo.2002).

A recent amendment to C.R.C.P. 11 supports our construction of the rule. In 1999, we added subsection (b) to C.R.C.P. 11.[12]

---

9. C.R.C.P. 121, § 1–26(9) requires that the party or attorney who utilizes the electronic filing system must maintain a printed copy of the pleading with an original signature for C.R.C.P. 11(a) purposes.

10. The phrase reads: "If a pleading is signed in violation of this Rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction...." C.R.C.P. 11(a). We acknowledge that the rule allows a judge to levy sanctions against a represented party as well as the signing attorney; however, our holding here is limited to the signing attorney's certification pursuant to the rule.

11. If a signor is signing a pleading by request of another, the attorney authorizing the other person to sign for him or her is responsible for the certification.

12. Subsection (b) states, in pertinent part:

   **(b) Limited Representation.** *An attorney may undertake to provide limited representation in accordance with Colo.RPC 1.2 to a pro se party involved in a court proceeding. Pleadings or papers filed by the pro se party that were prepared with the drafting assistance of the attorney shall include the attorney's name, address, telephone number and registration number.* The attorney shall advise the pro se party that such pleading or other paper must contain this statement. *In helping to draft the pleading or paper filed by the pro se party, the attorney certifies that, to the best of the attorney's knowledge, information and belief, this pleading or paper is (1) well-grounded in fact based upon a reasonable inquiry of the pro se party by the attorney, (2) is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and (3) is not*

C.R.C.P. 11(b), the limited representation rule, addresses the role an attorney may play in assisting a pro se party. When filing a pleading drafted with the aid of an attorney, the pro se party must include the attorney's name, address, phone number, and registration number on the document. C.R.C.P. 11(b) establishes modified certification requirements to accommodate the nature of limited representation. It does not require the assisting attorney to sign the pro se party's pleading, but nevertheless expressly provides that the assisting attorney may be responsible for that subsection's certification requirement. *See* C.R.C.P. 11(b) (stating that "violation of this Rule 11(b) may subject the attorney to the sanctions provided in C.R.C.P. 11(a))."

Even though the assisting attorney's signature need not appear on the pro se pleading, C.R.C.P. 11(b) explicitly provides that sanctions may apply to the attorney for noncompliance with that subsection's modified certification standard. The contrast between C.R.C.P. 11(a)'s certification-by-signature requirement and C.R.C.P. 11(b)'s certification-without-signature provision is pronounced. We must give effect to both according to their terms. *Leaffer,* 44 P.3d at 1079.

In sum, C.R.C.P. 11(a) requires a signature and holds the signing attorney responsible for the certificate. Our construction of C.R.C.P. 11(a)'s certification-by-signature requirement vindicates the rule's purpose: to deter the filing of frivolous actions and pleadings. Hyatt, *supra,* at 118. It personalizes the responsibility of the person who has undertaken to certify the pleading.

Here, only Garcia signed the complaint and the amended complaint. While Gleason's name appeared in the signature block on both, his signature did not. The PDJ erred by ordering Gleason to respond to Trupp's motion for sanctions. Only Garcia is answerable to the motion. In considering Trupp's motion, the PDJ must take into account the design of the attorney regulation system, which requires attorney regulation counsel to obtain a reasonable-grounds-for-discipline determination by the Attorney Regulation Committee prior to filing a complaint. *See* C.R.C.P. 251.12. This feature of the attorney regulation system will render the appropriateness of C.R.C.P. 11(a) sanctions against the signing regulation counsel a rare circumstance.

## III.

Accordingly, we make the rule absolute in part and discharge it in part. The PDJ alone may consider a C.R.C.P. 11(a) motion for sanctions, and only the assistant attorney regulation counsel who signed the complaint and amended complaint is answerable to the motion.

Justice KOURLIS and Justice BENDER do not participate.

*interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. The attorney in providing such drafting assistance may rely on the pro se party's representation of facts, unless the attorney has reason to believe that such representations are false or materially* insufficient, in which instance the attorney shall make an independent, reasonable inquiry into the facts. ... *The attorney's violation of this Rule 11(b) may subject the attorney to the sanctions provided in C.R.C.P. 11(a).*