2012 COA 19

**SRS, INC., a Colorado corporation, Plaintiff,**

v.

**Stanton B. SOUTHWARD, Defendant–Appellee,**

and

**Concerning Steven G. Francis, Attorney–Appellant.**

No. 10CA2620.

Colorado Court of Appeals, Div. I.

Feb. 2, 2012.

Steven G. Francis, P.C., Steven G. Francis, Fort Collins, Colorado, for Attorney–Appellant.

Obernesser & Obernesser, Michael K. Obernesser, Colorado Springs, Colorado, for Defendant–Appellee.

Opinion by Judge DAILEY.

¶ 1 Steven G. Francis, an attorney, appeals the district court's order awarding attorney fees to Stanton B. Southward. We vacate the order.

## I. Background

¶ 2 Francis was the attorney for SRS, Inc., which operated an automotive service business. Southward was a co-owner and em-

ployee of SRS. On SRS's behalf, Francis filed a complaint in August 2008, alleging that Southward had converted to his own use a number of company vehicles and that Southward had violated his employment contract.

¶ 3 By May 7, 2010, Southward had disclosed two documents that proved that one of the vehicles, a van, had not been converted by him, but instead had been sold to a customer by another SRS employee. The trial court originally ruled that, because the documents were disclosed too close to the scheduled date for trial, the documents were inadmissible. When the trial was continued, however, Southward filed a motion to reconsider the ruling. The court granted the motion, rendering the documents admissible.

¶ 4 From May 7 through mid-August, 2010, SRS made no representations concerning the van. Then, on August 22, 2010 (three days before trial), SRS withdrew its conversion claim concerning the van.

¶ 5 At trial, Southward argued that because SRS had delayed in withdrawing the claim on the van, SRS's witnesses should not be believed with respect to the remaining conversion claims. In rebuttal, SRS's counsel, Francis, argued that the witnesses should not be blamed for the delay in withdrawing the claim because the responsibility to withdraw lay not with them but with him.[1]

¶ 6 The jury returned a verdict awarding SRS damages on its conversion claim. It also returned a verdict for SRS on its breach of contract claim, but awarded no damages in connection therewith.

¶ 7 After trial, Southward moved for sanctions against Francis, arguing that, in failing to promptly withdraw the conversion claim with respect to the van after May 2010, Francis had violated C.R.C.P. 11, entitling Southward to an award of fees and costs incurred from May 2010 through August 22, 2010.

¶ 8 In response, Francis stated:

Given [Southward's] manipulation of the titles to the vehicles . . ., it was reasonable for Plaintiff to believe, and to allege, that [Southward] had converted the [van] as well. Not until the trial date scheduled in May did [Southward] provide the documents [proving that he had not converted the van].

In a written order, the trial court found:

[S]anctions for [SRS's] failure to withdraw the claim related to the Astro van are appropriate. Counsel had an obligation to withdraw the claim within a reasonable time of learning that it was not viable. It would have been reasonable to withdraw the claim no later than June 1, 2010. . . . Any costs incurred by [Southward] related exclusively to the Astro Van and incurred between June 1, 2010 and August 22, 2010 should be borne by [SRS].

Ultimately, the court entered judgment in favor of Southward and against Francis for $2,858.65, representing fees and costs incurred by Southward (1) in the June 1 through August 22, 2010 period; (2) in filing the motion for sanctions; and (3) in establishing the amount of attorney fees awarded.

## II. C.R.C.P. 11 Sanction

¶ 9 Francis contends that the trial court erred in awarding Southward attorney fees under C.R.C.P. 11. We agree.

¶ 10 Initially, we note that the trial court did not explicitly state that it was relying on Rule 11 in awarding fees here. However, Southward's motion was based solely on Rule 11, and the language used by the trial court in its order closely parallels that part of Rule 11(a) providing:

Reasonable expenses, including a reasonable attorney's fee, shall not be assessed if,

---

1. The parties did not provide us with a complete trial transcript. Indeed, the only part of the trial transcript that was provided is a portion of Francis's rebuttal closing argument on behalf of SRS. We nonetheless can credit the representation about the nature of Southward's argument, inasmuch as the parties agree about it in their briefs. See Rogers v. Hester ex rel. Mills, 334 S.W.3d 528,

541 (Mo.Ct.App.2010) ("Documents that are not a part of the legal file are generally not considered on appeal, but 'a statement of fact asserted in one party's brief and conceded as true in the opposing party's brief may be considered as though it appears in the record.'" (quoting In re Nitsche, 46 S.W.3d 682, 684 (Mo.Ct.App.2001))).

after filing, a voluntary dismissal or withdrawal is filed as to any claim, action[,] or defense, within a reasonable time after the attorney or party filing the pleading knew, or reasonably should have known, that he would not prevail on said claim, action, or defense.

¶ 11 Significantly, however, this language appears at the end of Rule 11(a). Immediately preceding the above-quoted language are the parts of Rule 11(a) setting forth (1) certain duties of attorneys, and (2) the circumstance under which a Rule 11 sanction may be imposed.

¶ 12 As summarized by the supreme court in *People v. Trupp,* 51 P.3d 985, 988 (Colo. 2002) *(Trupp I),* Rule 11(a) imposes upon attorneys signing pleadings the duties to (1) read the pleadings; (2) undertake reasonable inquiry into their content; and (3) possess a proper purpose in filing them. Rule 11(a) provides that a sanction is to be imposed "[i]f a pleading is signed in violation of this Rule." C.R.C.P. 11(a).

¶ 13 In *In re Trupp,* 92 P.3d 923, 930 (Colo.2004) *(Trupp II),* the supreme court observed that the "Rule 11 inquiry focuses on pre-filing, pre-pleading behavior of the attorney, in light of an objective reasonableness standard." The inquiry "is not as broad as the current, amended counterpart federal rule," *Trupp I,* 51 P.3d at 990, which specifically encompasses attorney action taken after the signing and filing of a pleading. *See* Fed.R.Civ.P. 11(b) (covering attorney action in "signing, filing, submitting, or later advocating" a pleading, motion, or written paper).

¶ 14 In determining when a Rule 11 sanction would be appropriate, we find persuasive the following commentary from the secondary authority upon which the supreme court relied in *Trupp I* to conclude that our Rule 11 does not reach post-filing attorney conduct:

> [The] language [of Colorado's Rule 11] directs the courts to concentrate on the good faith of the pleader and to focus on the pleader's actions before the pleading was filed.... By focusing on what the pleader

knew or believed at the time the pleading was filed, it has been possible for meritless or groundless litigation to persist without continuing justification throughout discovery and even trial. The federal rule had this shortcoming as well, and in 1993, the federal rulemakers opted to amend their rule to broaden the attorney's obligations beyond the original filing. As the federal advisory committee noted, the violation of Rule 11 now subjects litigants to potential sanctions for insisting upon a position after it is no longer tenable, or advocating a claim or position contained in a pleading or motion after learning that it ceases to have merit.

> Colorado did not follow the federal lead in amending Rule 11 because the state statute, "Frivolous, Groundless or Vexatious Actions," West's C.R.S.A. §§ 13–17–101 *et seq.,* addresses an attorney's obligation beyond the initial pleadings. Thus, Colorado's Rule 11 focuses on pre-filing or pre-pleading behavior ... while the statute applies as well to postfiling and post-pleading behavior. The statute is written and has been interpreted much more broadly to provide sanctions against any party or attorney who brings or defends an action which in whole or in part lacks substantial justification, is substantially frivolous, substantially groundless or substantially vexatious.

Shelia K. Hyatt & Stephen A. Hess, *Colorado Civil Rules Annotated* 121 (4th ed. 2005); *see also Trupp I,* 51 P.3d at 990 (relying on prior edition of same authority).[2]

¶ 15 From these authorities, we conclude that a Rule 11 sanction can be imposed only, as the rule itself states, "[i]f a pleading is signed in violation of [the rule]," and not on the basis of any post-signing, post-filing conduct by the attorney.

¶ 16 In so concluding, we necessarily reject Southward's assertion that, because part of Rule 11(a) refers to voluntary dismissal or withdrawal of a claim, an attorney can be sanctioned under Rule 11 for failing to dismiss or withdraw a previously filed claim.

---

**2.** We note that, in his brief to this court, Southward disavows any reliance on section 13–17– 102, C.R.S.2011, for the fees and costs awarded here.

¶ 17 Our supreme court has interpreted that part of Rule 11, not as implying that sanctions can be imposed for post-filing conduct, but as excusing pre-filing conduct on the basis of subsequent, post-filing conduct:

> C.R.C.P. 11 provides an opportunity for attorneys to withdraw pleadings within a reasonable time after discovering that the pleading lacks merit. An attorney's initial failure to fully investigate a pleading's assertions will therefore be excused provided that the attorney conducts an appropriate investigation within a reasonable time and withdraws the insufficient pleadings once the infirmity is discovered.

*Stepanek v. Delta County,* 940 P.2d 364, 370 n. 4 (Colo.1997); *see also Switzer v. Giron,* 852 P.2d 1320, 1321 (Colo.App.1993) (that part of Rule 11 "shields a litigant who voluntarily dismisses a claim within a reasonable time after learning that the claim cannot succeed"); Fed.R.Civ.P. 11 committee notes (1993 amendments) (analogous safe harbor provision in current version of federal Rule 11 allows a party to abandon a questionable contention without that abandonment being viewed as evidence of a violation).

¶ 18 In this case, Southward sought and was granted a Rule 11 sanction, based not on Francis's pre-signing, pre-filing behavior, but on his subsequent failure to promptly dismiss or withdraw his claim after discovering that it lacked merit. Because a Rule 11 sanction was not appropriate under these circumstances, the court's award of fees and cost must be vacated in its entirety.

### III. Fees and Costs on Appeal

¶ 19 Pursuant to sections 13–17–101 to –103, C.R.S.2011, Southward requests an award of attorney fees and costs incurred on appeal. We deny the request.

¶ 20 Under section 13–17–102, attorney fees are awardable in a civil action when a party pursues a position that lacks substantial justification. *See* § 13–17–102(2), C.R.S. 2011. Because Francis was successful in this appeal, his appeal did not lack substantial justification.

¶ 21 The order awarding fees and costs is vacated.

Judge TAUBMAN and Judge FOX concur.