2014 CO 20

**In re The PEOPLE of the State of Colorado, Complainant**

v.

**Ravi KANWAL, Respondent.**

**Supreme Court Case No. 13SA60**

Supreme Court of Colorado.

March 24, 2014

Attorneys for Complainant: James C. Coyle, Regulation Counsel, Timothy J. O'Neill, Assistant Regulation Counsel, Denver, Colorado

Attorneys for Respondent: Burns, Figa & Will, P.C., Alexander R. Rothrock, Sara C. Van Deusen, Greenwood Village, Colorado

JUSTICE COATS delivered the Opinion of the Court.

¶ 1 The People petitioned for relief pursuant to C.R.C.P. 251.1(d) and C.A.R. 21 from an order of the Presiding Disciplinary Judge dismissing for lack of subject matter jurisdiction a claim of attorney misconduct. The PDJ concluded that the People were not

authorized to plead, and the Hearing Board lacked jurisdiction to consider, any claim for the filing of which the Attorney Regulation Committee had not given specific approval. Because it was undisputed that the Committee had not specifically approved the filing of a claim for the violation of Rule 8.4(c) of the Rules of Professional Conduct, the PDJ dismissed the claim in the People's complaint alleging a violation of that rule.

¶ 2 Because the Rules of Procedure Regarding Attorney Discipline and Disability Proceedings contemplate merely the Committee's authorization for the initiation of formal proceedings before a tribunal capable of administering public discipline, rather than mandating the Committee's approval of the specific claims to be filed, including the identification of precise rule violations, the PDJ misinterpreted the controlling rules. Because it was undisputed that the conduct giving rise to the grounds alleged in the disputed claim was conduct specifically addressed in the report of investigation presented to the Committee, as a result of which it authorized proceedings for public discipline, the Rule is made absolute and the matter is remanded with instructions to reinstate Claim III.

## I.

¶ 3 In August 2012, the Attorney Regulation Counsel filed a complaint with the Presiding Disciplinary Judge, alleging grounds for discipline against the respondent in three separate claims. These claims specified violations of Colo. RPC 3.4(c), for disobeying an order of a tribunal; of Colo. RPC 5.5(a), for practicing law without a license; and of Colo. RPC 8.4(c), for engaging in dishonest conduct. In his answer, the respondent, who had previously been suspended from the practice of law, denied none of the material allegations of the complaint and asserted no affirmative defenses, instead expressly admitting some of the allegations and expressing an interest in resolving the matter without formal proceedings before the Board. In response to the People's subsequent motion for judgment on the pleadings, the respondent conceded judgment on the first two grounds for discipline but objected to judgment on the third, asserting that the Attorney Regulation Committee had not specifically authorized any claim for violation of Colo. RPC 8.4(c), which authorization the respondent argued was mandated by the Rules of Procedure Regarding Attorney Discipline. After initially staying the matter to allow for Committee resolution of this issue, the PDJ acceded to the People's motion to reconsider; dismissed Claim III for lack of subject matter jurisdiction, without prejudice to refile after receiving the express approval of the Committee; and denied as moot the respondent's own newly filed motion for judgment on the pleadings as to that claim.

¶ 4 In dismissing, the PDJ made clear his understanding that C.R.C.P. 251.12 requires, as a jurisdictional prerequisite to the adjudication of charges by the Board, a finding by the Committee of reasonable grounds to believe that misconduct warranting public discipline can be proved by clear and convincing evidence. The PDJ reasoned that this mandate implicitly entails the Committee's examination of the elements of particular ethical proscriptions, with regard to particular sanctions, from which he inferred that the Committee must approve the filing of precise claims, premised on specific rule violations. The PDJ concluded that anything less would reduce the Committee's involvement to a ceremonial or perfunctory role.

¶ 5 Regulation Counsel petitioned this court pursuant to C.A.R. 21 to exercise its plenary power, as expressly reserved by C.R.C.P. 251.1(d), to immediately review the PDJ's ruling.

## II.

¶ 6 We have long held that "[t]he Colorado Supreme Court, as part of its inherent and plenary powers, has the exclusive jurisdiction over attorneys and the authority to regulate, govern, and supervise the practice of law in Colorado to protect the public." *Colo. Supreme Court Grievance Comm. v. Dist. Court,* 850 P.2d 150, 152 (Colo.1993) (citations omitted); *see also People v. Varallo,* 913 P.2d 1, 3 (Colo.1996). In conjunction with this exclusive jurisdiction, the supreme court has "the ultimate and exclusive responsibility for the structure and administration

of disciplinary proceedings against lawyers." *People v. Susman*, 196 Colo. 458, 464, 587 P.2d 782, 786 (1978). We have chosen to exercise our disciplinary and disability jurisdiction in matters relating to the practice of law in Colorado through Rule 251 of the Colorado Rules of Procedure Regarding Attorney Discipline and Disability Proceedings, Colorado Attorneys' Fund for Client Protection, and Mandatory Continuing Legal Education and Judicial Education. *See* C.R.C.P. 251.1 to 260; *see also In re Bass*, 2013 CO 40, ¶ 5, 307 P.3d 1052; *cf. Colo. Supreme Court Grievance Comm.*, 850 P.2d at 152 (referencing former C.R.C.P. 241).

¶ 7 Although the process created by C.R.C.P. 251 for imposing sanctions for attorney misconduct has much in common with criminal prosecution, and has in fact been characterized as "quasi-criminal" in nature, *see In re Fisher*, 202 P.3d 1186, 1199 (Colo. 2009), we have nevertheless chosen to follow a largely civil model for the conduct of formal proceedings, *see* C.R.C.P. 251.18(d) (except as otherwise provided, matters commencing with filing of complaint to be conducted according to civil rules and practice in civil cases); *In re Greene*, 2013 CO 29, ¶ 9, 302 P.3d 690. The Hearing Board before which all hearings on complaints for public discipline must be conducted, composed as it is of both professional and lay judges, actually resembles tribunals more typical of civil than common law jurisdictions, whether those common law tribunals be civil or criminal in nature. See C.R.C.P. 251.17(a)(1). In fact, the organs and procedures of attorney discipline are unique, or *sui generis*, having been designed for the precise, and sole, purpose of exercising this exclusive jurisdiction and fulfilling this responsibility of the supreme court.

### A.

¶ 8 The express reservation of its plenary power in Rule 251.1(d) is indicative of the unique role of the supreme court in supervising such proceedings. *See* C.R.C.P. 251.1(d) ("The Supreme Court reserves the authority to review any determination made in the course of a disciplinary proceeding and to enter any order with respect thereto, includ-ing an order directing that further proceedings be conducted as provided by these Rules."). In the absence of any more specific procedural mechanism in the disciplinary rules, we have relied on C.A.R. 21 as an appropriate vehicle for invoking this plenary authority to review rulings of the Presiding Disciplinary Judge, whether those rulings would otherwise be appealable according to C.R.C.P. 251.27 or not. *See, e.g., Greene*, 2013 CO 29, 302 P.3d 690 (reviewing PDJ's order of partial summary judgment in favor of respondent); *In re Attorney D.*, 57 P.3d 395 (Colo.2002) (reviewing PDJ's pretrial discovery order in favor of respondent). Although exercise of the authority expressly reserved by C.R.C.P. 251.1(d) is entirely within our discretion, we consider it particularly appropriate where, as here, the matter involves the interpretation of rules governing the filing of complaints in all disciplinary proceedings and where, as here, the PDJ's interpretation is unlikely to be appealed by a respondent subjected to discipline.

### B.

¶ 9 Rule 251 provides for only four forms of attorney discipline, one private and three public, *see* C.R.C.P. 251.6, but it contemplates a highly individualized process, permitting a number of alternatives to discipline, tailored to the particular respondent and situation, *see* C.R.C.P. 251.13. Permissible forms of discipline are limited to disbarment, suspension, public censure, and private admonition, C.R.C.P. 251.6, but at virtually every point in the process, beginning with some form of request for investigation, an attorney may be offered diversion to any of a host of alternatives to discipline, *see* C.R.C.P. 251.9, 251.11, 251.12, 251.19, including such things as mediation, fee arbitration, law office management assistance, evaluation and treatment through the attorneys' peer assistance program, evaluation and treatment for substance abuse, psychological evaluation and treatment, medical evaluation and treatment, monitoring of the attorney's practice or accounting procedures, continuing legal education, ethics school, the multistate professional responsibility examination, or any

other program authorized by the court, C.R.C.P. 251.13(a).

¶ 10 Consistent with the dictates of fundamental fairness, the authority to divert or instead impose private or public discipline is allocated among various officers and organs, all created, appointed, and reviewable by this court. While the Attorney Regulation Counsel is authorized, with the consent of the attorney in question, to divert a matter being investigated by it to an alternative program, Regulation Counsel is not authorized to impose either private or public discipline. *See* C.R.C.P. 251.11. On the basis of a report of investigation presented to it, the Attorney Regulation Committee is authorized to impose an order of private admonition, subject to a demand by the attorney, as a matter of right, to instead be proceeded against by complaint before the Hearing Board, but the Committee is not authorized to impose public discipline. C.R.C.P. 251.12 [1], 251.6(d). In the scheme of Rule 251, other than this court itself, only a Hearing Board, consisting of the PDJ and two members of the Bar or public (or in limited cases, such as default or conditional admission, the PDJ or presiding officer alone), is authorized to impose discipline in the form of disbarment, suspension, or public censure.

¶ 11 Proceedings for public discipline by the Board are initiated by filing a complaint with the PDJ. C.R.C.P. 251.14. Although "proceedings" in the more general sense of opening an inquiry into particular attorney conduct may be commenced by a request for investigation by any person, by a report from a judge, by the Committee on its own motion, or even by Regulation Counsel himself, with the concurrence of the Chair or Vice–Chair of the Committee, C.R.C.P. 251.9(a), formal proceedings for public discipline may be prosecuted only by Regulation Counsel, in the name of the People of the State, C.R.C.P. 251.14; and only upon authorization by the Committee may Regulation Counsel file a complaint with the PDJ, *see* C.R.C.P. 251.12. By express rule, the complaint initiating proceedings for discipline must "set forth clearly and with particularity the grounds for discipline with which the respondent is charged and the conduct of the respondent which gave rise to those charges." C.R.C.P. 251.14(a).

¶ 12 Any acts or omissions amounting to unprofessional conduct may constitute "grounds for discipline." C.R.C.P. 251.5 (Grounds for Discipline). Although the rule includes examples of misconduct constituting grounds for discipline, it also makes clear that this enumeration is not exclusive. *Id.* Among the examples of misconduct expressly identified, the rule includes any act or omission violating a provision of the Code of Professional Responsibility or the Colorado Rules of Professional Conduct; any criminal act reflecting adversely on the lawyer's honesty, trustworthiness or fitness; any act or omission violating Rule 251 or an order of discipline or disability; and any failure to

---

1. C.R.C.P. 251.12 reads in full:

If, at the conclusion of an investigation, the Regulation Counsel believes that the committee should order private admonition imposed or authorize the Regulation Counsel to prepare and file a complaint, the Regulation Counsel shall submit a report of investigation and recommendation to the committee, which shall determine whether there is reasonable cause to believe grounds for discipline exist and shall either:

(a) Direct the Regulation Counsel or other investigator appointed pursuant to C.R.C.P. 251.2(b)(1) to conduct further investigation;
(b) Dismiss the allegations and furnish the person making the allegations with a written explanation of its determination;
(c) Divert the matter to the alternatives to discipline program as provided by C.R.C.P. 251.13;
(d) Order private admonition imposed; or

(e) Authorize the Regulation Counsel to prepare and file a complaint against the attorney.

In determining whether to authorize the Regulation Counsel to file a complaint, the committee shall consider the following:
(1) Whether it is reasonable to believe that misconduct warranting discipline can be proved by clear and convincing evidence;
(2) The level of injury;
(3) Whether the attorney previously has been disciplined; and
(4) Whether the conduct in question is generally considered to warrant the commencement of disciplinary proceedings because it involves misrepresentation, conversion or commingling of funds, acts of violence, or criminal or other misconduct that ordinarily would result in public censure, suspension or disbarment.

respond without good cause to a request by, or obstruction of, the Committee, Regulation Counsel, or the Board of the Fund for Client Protection. *Id.*

¶ 13 The Rules of Professional Conduct, in turn, define "professional misconduct" so as to include not only violations of, or attempts to violate, the Rules of Professional Conduct themselves, as well as knowingly assisting or inducing others to do so, but also such things as committing various criminal acts, engaging in dishonest or deceitful conduct or conduct prejudicial to the administration of justice, implying an ability to improperly influence a governmental agency or official, knowingly assisting judicial officers to violate the law or rules of judicial conduct, exhibiting bias during representation based on various specified characteristics, and engaging in certain conduct that harms others and adversely reflects on a lawyer's fitness to practice law. Colo. RPC 8.4. While both C.R.C.P. 251.5 and Colo. RPC 8.4 classify violations of the Rules of Professional Conduct as "misconduct," or "professional misconduct," or "unprofessional conduct," constituting grounds for discipline, they each identify a host of other conduct also constituting misconduct and, for that reason, grounds for discipline. Furthermore, Rule 251.5 identifies a number of different species of attorney acts or omissions as grounds for discipline that are not referenced in the Rules of Professional Conduct at all. *See* C.R.C.P. 251.5; Colo. RPC 8.4.

¶ 14 Rules 251.5 and 8.4, however, do not themselves proscribe any particular attorney conduct. *See* C.R.C.P. 251.5; Colo. RPC 8.4. Rather, they each designate, with reference to other codes, rules, or orders, broad categories of conduct constituting "grounds for discipline." C.R.C.P. 251.5; Colo. RPC 8.4. And while some of these rules or statutes may include narrowly-defined proscriptions, *see, e.g.,* Colo. RPC pmbl., cmt. 14 ("Some of the Rules are imperatives, cast in the terms 'shall' or 'shall not.' "), it would be misguided to analogize too closely "grounds for discipline," defined at C.R.C.P. 251.5, with crimes, typically defined in terms of a concurrence of actus reus and mens rea, with penal exposure expressly circumscribed according to the charged offense. While consideration of a criminal defendant's actual conduct and criminal history may be taken into account in so-called "real offense" sentencing, *see People v. Newman,* 91 P.3d 369 (Colo.2004), the sentencing range within which a sentencing court's discretion can operate is predetermined by the charge.

¶ 15 Unlike the case with criminal sentences, the form of discipline ultimately imposed as a result of proceedings authorized by the Committee is not circumscribed by the charges in the complaint alone. As we have made clear in the past, the framework for arriving at an appropriate sanction begins with the ethical duty violated and to whom that duty was owed; progresses to consideration of mental state and resulting injury; and ultimately must account for a host of undefined aggravating or mitigating factors, like the presence or absence of prior discipline and the respondent's obstruction of, or assistance in, the disciplinary process itself. *See* Am. Bar Ass'n, *Standards for Imposing Lawyer Sanctions: Theoretical Framework* (1992); *see also In re Roose,* 69 P.3d 43, 46–47 (Colo.2003). As a result, virtually any of the permissible forms of public discipline could result from any charged misconduct.

¶ 16 Even the complaint initiating formal proceedings before the Hearing Board, therefore, need not always identify specific proscriptive provisions with corresponding sanctions. Rather, the mandate of C.R.C.P. 251.14(a) that the complaint "set forth clearly and with particularity the grounds for discipline with which the respondent is charged and the conduct of the respondent which gave rise to those charges" broadly ensures that the respondent is given notice of not only the conduct at issue, but also the basis for categorizing it as misconduct. The Rule does not, and given both the diverse nature of possible grounds for discipline and the multiplicity of considerations upon which particular discipline may ultimately depend, could not, require that a complaint limit the sanctions to which the respondent may be exposed or the precise "elements" upon which particular sanctions may depend.

¶ 17 By rule, the Committee's *authorization* for the filing of a complaint involves

even less specificity. *See* C.R.C.P. 251.12. Unlike Rule 251.14 (delineating the contents of a complaint), Rule 251.12 (governing the options available to the Committee upon submission of a report of investigation) nowhere suggests that the Committee's authorization for a complaint must set forth, with particularity or otherwise, the grounds for discipline with which the respondent is to be charged. *See id.* Nor do Rules 251.10 and 251.11, governing the investigator's report and the decision whether to submit that report to the Committee, suggest any requirement to include proposed grounds for discipline, much less a specific set of claims for the approval of the Committee. *See* C.R.C.P. 251.10 to 251.11. Quite the contrary, in detailing the considerations relevant to the Committee's determination whether to authorize Regulation Counsel to file a complaint, the Rule references the likelihood that "misconduct warranting discipline" can be proved and whether the "conduct in question" is generally considered to warrant the commencement of disciplinary proceedings. C.R.C.P. 251.12(e).

¶ 18 More importantly, requiring Committee review and approval of the specific claims that may be filed by Regulation Counsel, as the PDJ's order in this case would do, fundamentally misapprehends both the role of the Attorney Regulation Committee in the disciplinary scheme and the Committee's relationship to Regulation Counsel. Rather than create an organ to function as a grand jury or preliminary hearing court, the purpose of which is to review charges, brought by an agency with prosecutorial discretion, for some threshold level of suspicion or proof, Rule 251 entrusts the Committee with the ultimate discretion whether to authorize proceedings for public discipline. *See* C.R.C.P. 251.12. While the Committee is initially directed to determine whether reasonable cause to believe some ground for discipline exists, and to dismiss or direct that further investigation be conducted in the event that reasonable cause does not exist, the Committee is additionally obligated to exercise its discretion whether to divert the matter to one of the alternatives to discipline, order private admonition, or authorize a complaint in the event that reasonable cause does exist.

*Id.* The rule clearly does not relegate the Committee to the role of assessing whether sufficient suspicion exists for charges predetermined by Regulation Counsel. *See id.*

¶ 19 With regard to formal proceedings for discipline in particular, the Committee is not directed to grant or deny authorization based on the existence or non-existence of enumerated criteria; rather it is provided factors to consider in the exercise of its discretion. *See* C.R.C.P. 251.12(e). Apart from an objective evaluation of the sufficiency of the evidence to actually prove misconduct warranting public discipline, these factors largely mirror the considerations relevant to the Board's choice of an appropriate sanction: whether the conduct in question itself would ordinarily, or presumptively, result in public discipline and whether the harm caused by that conduct and the respondent's prior disciplinary history would similarly militate in favor of public discipline, as distinguished from private discipline or some alternative to discipline altogether. *See id.*; Am. Bar Ass'n, *Standards for Imposing Lawyer Discipline* 3.0 (1992). The structure of the Rule reflects the reality that the appropriateness of public discipline rests not simply on proof of the violation of a particular proscription, but rather on consideration of the particular duty breached, the intent with which it was breached, the harm caused by its breach, as well as the respondent's personal history and the extent to which prior discipline has failed to adequately modify his behavior.

¶ 20 For obvious reasons, an investigating authority requesting Committee review of its report of investigation will have cause to draw the Committee's attention to at least some ground warranting public discipline supporting its recommendation, but any subsequent complaint authorized by the Committee is nowhere limited to grounds expressly brought to its attention. Only after the Committee has determined it to be appropriate to authorize proceedings in a forum capable of administering public discipline, on the basis of particular conduct by a particular respondent, do the rules require the identification of specific "grounds for discipline," to which the conduct in question gives rise. The decision how to structure a

complaint based on that conduct, as well as the tactical choices involved in prosecuting particular charges, are matters for Regulation Counsel.

¶ 21 In *People v. Trupp*, 51 P.3d 985, 992 (Colo.2002), we permitted a motion for C.R.C.P. 11(a) sanctions to go forward against an Assistant Regulation Counsel, but we observed in passing that the Committee's predetermination of reasonable cause to believe grounds for discipline existed would make it a rare circumstance in which such sanctions would be proper. We might have also observed that unless Regulation Counsel were acting without the authorization required by rule, the conduct out of which the charges of the complaint arose had necessarily been investigated according to Rule 251; a report of that investigation had already been submitted to the Committee, along with a recommendation concerning discipline; and the Committee had authorized proceedings before the Board only after first considering whether it was reasonable to believe not only that misconduct warranting discipline could be proved by clear and convincing evidence but also that the conduct in question would generally be considered to warrant the commencement of disciplinary proceedings. We did not suggest, and our comment in *Trupp* should not be taken to imply, however, that a motion for Rule 11 sanctions against Regulation Counsel would be futile because the precise complaint would necessarily have already been presented to and authorized by the Attorney Regulation Committee. *See id.* Quite the contrary, by allowing the motion to go forward, we acknowledged that the individual assistant regulation counsel signing a complaint remains responsible for certifying that it alleges only grounds for discipline arising, both factually and legally, from the investigated conduct. *See id.*

¶ 22 In the proceedings before both the PDJ and this court, there appears to be no dispute that the Committee authorized the preparation and filing of a complaint against the respondent based on its consideration of a report of investigation presented to it by Regulation Counsel, or that Claim III of that complaint alleges grounds for discipline arising out of conduct that was the subject of that report.[2] That being the case, Claim III of the complaint was not without authorization, as mandated by C.R.C.P. 251.12.

### III.

¶ 23 Because the Rules of Procedure Regarding Attorney Discipline and Disability Proceedings contemplate merely the Committee's authorization for the initiation of formal proceedings before a tribunal capable of administering public discipline, rather than mandating the Committee's approval of the specific claims to be filed, including the identification of precise rule violations, the PDJ misinterpreted the controlling rules. Because it was undisputed that the conduct giving rise to the grounds alleged in the disputed claim was conduct specifically addressed in the report of investigation presented to the Committee, as a result of which it authorized proceedings for public discipline, the Rule is made absolute and the matter is remanded with instructions to reinstate Claim III.

---

2. We note, however, that the record presented to this court, and apparently the record in the disciplinary proceedings before the Board, contained no evidence of the Committee's authorization, other than the report of investigation and Regulation Counsel's assertion of Committee authorization.