Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's homepage at
http://www.courts.state.co.us. Opinions are also posted on the
Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE
February 10, 2020

**2020 CO 9**

**No. 19SA118, *In re Chessin v. Office of Attorney Regulation Counsel*—Subject Matter Jurisdiction—Jurisdiction of Courts—Attorney Discipline.**

In the lawsuit underlying this original proceeding, a complainant filed an action in district court under C.R.C.P. 106(a)(4), seeking an order compelling the Office of Attorney Regulation Counsel ("OARC") to investigate the complainant's allegations of attorney misconduct. After OARC moved unsuccessfully to dismiss the case for lack of subject matter jurisdiction, it sought relief under C.A.R. 21. The supreme court has long held that as part of its inherent powers, it has exclusive authority to regulate and supervise the practice of law in Colorado, including the structure and administration of attorney discipline proceedings. The court's rules governing attorney discipline proceedings do not contemplate district court review of OARC intake decisions. Accordingly, the supreme court holds that the district court lacks subject matter jurisdiction to review Regulation Counsel's decision not to proceed with an investigation into allegations of attorney misconduct. The supreme court therefore makes the rule to show cause absolute.

## The Supreme Court of the State of Colorado
2 East 14th Avenue • Denver, Colorado 80203

---

## 2020 CO 9

---

## Supreme Court Case No. 19SA118
*Original Proceeding Pursuant to C.A.R. 21*
District Court, City and County of Denver, Case No. 19CV30251
Honorable Michael A. Martinez, Judge

---

### In Re
### Plaintiff:

Paul Chessin,

v.

### Defendant:

Office of Attorney Regulation Counsel.

---

### Rule Made Absolute
*en banc*
February 10, 2020

---

**Attorneys for Plaintiff:**
Vedra Law LLC
Daniel J. Vedra
    *Denver, Colorado*

Gill & Ledbetter, LLC
Anne Whalen Gill
    *Castle Rock, Colorado*

**Attorneys for Defendant:**
Philip J. Weiser, Attorney General
Christopher P. Beall, Deputy Attorney General
Robert Finke, First Assistant Attorney General
    *Denver, Colorado*

**JUSTICE MÁRQUEZ** delivered the Opinion of the Court.
**CHIEF JUSTICE COATS** does not participate.

¶1 In this case, an attorney was dissatisfied with the decision of the Office of Attorney Regulation Counsel ("OARC") not to pursue further investigation of his allegations of professional misconduct against opposing counsel, so he filed a complaint in district court under C.R.C.P. 106(a)(4), seeking an order compelling Regulation Counsel to investigate the matter more fully. OARC moved to dismiss the suit for lack of subject matter jurisdiction, arguing that the supreme court has exclusive jurisdiction over attorney discipline matters. After the district court issued an order holding OARC's motion to dismiss in abeyance pending resolution of the complainant's motion to disqualify OARC's counsel, OARC petitioned this court for relief under C.A.R. 21.

¶2 We issued a rule to show cause. Because we have long held that this court, as part of its inherent powers, has exclusive authority to regulate and supervise the practice of law in Colorado, including the structure and administration of attorney discipline proceedings, we hold that the district court lacks subject matter jurisdiction to review Regulation Counsel's decision not to proceed. Accordingly, we make the rule absolute and remand the matter to the district court with directions to dismiss the C.R.C.P. 106(a)(4) complaint against OARC.

## I. Facts and Procedural History

¶3 The following facts are derived from the underlying C.R.C.P. 106(a)(4) complaint. Paul Chessin is a former Senior Assistant Attorney General who was

involved in an investigation of an internet payday lending enterprise. Over the course of that investigation and contentious litigation that followed, Chessin came to believe that opposing counsel committed various violations of the Colorado Rules of Professional Conduct. In November 2017, Chessin filed a request for investigation with OARC under C.R.C.P. 251.9(a)(1), alleging that opposing counsel "prepared and submitted perjurious affidavits to Colorado's courts, concealed and withheld pertinent information, misled and deceived the courts, and otherwise perpetrated a fraud on the courts," thus violating Rules of Professional Conduct 1.8(f), 3.3, 3.4, 8.4(c), and 8.4(d). OARC ultimately chose not to bring disciplinary charges and closed the request for investigation into the alleged misconduct approximately a year later.

¶4 Chessin then filed a complaint in district court under C.R.C.P. 106(a)(4) in January 2019, alleging that OARC's preliminary inquiry was unreasonably cursory and that it sought and reviewed information from only one of the several attorneys identified in his complaint before declining to pursue an investigation. Chessin argued that OARC abused its discretion and requested an order compelling OARC to "fully, thoroughly, and completely investigate the alleged misconduct." Upon Chessin's motion, the district court ordered OARC to certify the record "starting with Plaintiff's November 14, 2017 Request for Investigation through the December 26, 2018 OARC letter closing and dismissing the matter."

4

¶5     Through its counsel at the Attorney General's Office,[1] OARC moved to dismiss the suit for lack of subject matter jurisdiction under C.R.C.P. 12(b)(1), arguing that the Colorado Supreme Court has exclusive authority over matters of attorney regulation and has not provided district courts with any role in the process. Accordingly, OARC contended, district courts have no subject matter jurisdiction over such matters.

¶6     Chessin did not respond to OARC's C.R.C.P. 12(b)(1) motion; instead, he moved to disqualify the Attorney General's Office from representing OARC, contending that the office had a conflict of interest under Colo. RPC 1.7(a), which states that "a lawyer shall not represent a client if the representation involves a concurrent conflict of interest." Chessin argued that the Attorney General's Office was the victim of the allegedly unethical conduct that he had reported and therefore could not defend OARC's decision not to pursue an investigation into that conduct. Chessin also filed a motion to hold OARC's C.R.C.P. 12(b)(1) motion to dismiss in abeyance until the court first resolved his motion to disqualify the Attorney General's Office. The district court granted this latter motion before OARC filed a response.

---

[1] The Attorney General's Office serves as counsel to OARC in such matters. *See* § 24-31-101(1)(a), C.R.S. (2019).

5

¶7     OARC moved the court for reconsideration, arguing that the court should first determine whether it had subject matter jurisdiction over the case. When the court did not rule on the motion to reconsider, OARC petitioned this court for relief under C.A.R. 21, maintaining that the district court lacked subject matter jurisdiction to review a decision by Regulation Counsel to dismiss an investigation at the intake stage. OARC further argued that the confidentiality provisions of C.R.C.P. 251.31 governing attorney discipline proceedings prevented it from even acknowledging, much less certifying a record of, Chessin's request for investigation and thus severely constrained its ability to defend itself against the motion to disqualify and the suit as a whole.

## II. Original Jurisdiction

¶8     "The choice whether to exercise this court's original jurisdiction is entirely within its discretion." *Vinton v. Virzi*, 2012 CO 10, ¶ 9, 269 P.3d 1242, 1245. We have previously recognized that "we may exercise original jurisdiction [under C.A.R. 21] to review whether a trial court acts in excess of its jurisdiction or without jurisdiction," *City of Colorado Springs v. Bd. of Cty. Comm'rs*, 147 P.3d 1, 2 (Colo. 2006), and "where appellate review would be inadequate," *Vinton*, ¶ 9, 269 P.3d at 1245.

¶9     In this case, OARC's motion to dismiss challenges the district court's subject matter jurisdiction to hear the matter and therefore plainly affects the court's

6

authority to proceed with the case. *See Hagan v. Farmers Ins. Exch.*, 2015 CO 6, ¶ 13, 342 P.3d 427, 432 (exercising original jurisdiction to review trial court orders relating to venue). Relatedly, judicial economy favors exercising our original jurisdiction to resolve the issue because, if the district court lacks subject matter jurisdiction, no other issues in the case—including the motion to disqualify—need be resolved. *See Bd. of Cty. Comm'rs v. City of Woodland Park*, 2014 CO 35, ¶ 9, 333 P.3d 55, 58 (exercising original jurisdiction to review a district court's order denying a motion to dismiss for lack of subject matter jurisdiction in the interest of judicial economy). In addition, we have exercised original jurisdiction under C.A.R. 21 "when a procedural ruling will have significant effect on a party's ability to litigate the merits of the controversy." *McConnell v. Dist. Court*, 680 P.2d 528, 530 (Colo. 1984). Here, OARC contends it is effectively unable to defend itself against the motion to disqualify or the C.R.C.P. 106(a)(4) complaint without violating C.R.C.P. 251.31(b), which states that "[b]efore the filing and service of a complaint[,] . . . proceedings are confidential within the Office of the Regulation Counsel," with certain enumerated exceptions that are inapplicable here. Thus, we conclude that this matter warrants exercise of our original jurisdiction.

### III. Analysis

¶10   OARC argues that this court has the inherent power to regulate the practice of law and the rules that we have prescribed for attorney discipline proceedings

do not allow for review of OARC intake decisions in district court. Therefore, it contends, the district court lacks subject matter jurisdiction over this dispute. We agree.

¶11 It is well settled that "[t]he Colorado Supreme Court, as part of its inherent and plenary powers, has the exclusive jurisdiction over attorneys and the authority to regulate, govern, and supervise the practice of law in Colorado to protect the public." *People v. Kanwal*, 2014 CO 20, ¶ 6, 321 P.3d 494, 495 (alteration in original) (quoting *Colo. Supreme Court Grievance Comm. v. Dist. Court*, 850 P.2d 150, 152 (Colo. 1993)); *see also Smith v. Mullarkey*, 121 P.3d 890, 891 (Colo. 2005) (observing that the supreme court's jurisdiction to regulate and control the practice of law in Colorado is "exclusive"); *Petition of Colo. Bar Ass'n*, 325 P.2d 932, 937 (Colo. 1958) (stating that the supreme court has "full responsibility" over matters of attorney regulation and discipline). In connection with this exclusive jurisdiction, this court has "the ultimate and exclusive responsibility for the structure and administration of disciplinary proceedings against lawyers." *Kanwal*, ¶ 6, 321 P.3d at 495–96 (quoting *People v. Susman*, 587 P.2d 782, 786 (Colo. 1978)).

¶12 We have exercised this authority through Rule 251 of the Colorado Rules of Procedure Regarding Attorney Discipline and Disability Proceedings, Colorado Attorneys' Fund for Client Protection, and Mandatory Continuing Legal

8

Education and Judicial Education, which provides the procedural mechanism for attorney discipline proceedings. *See* C.R.C.P. 251.1 to 251.34; *see also Kanwal*, ¶ 6, 321 P.3d at 496. Although the attorney discipline process created by Rule 251 "has much in common with criminal prosecution, and has in fact been characterized as 'quasi-criminal' in nature," we have followed a largely civil model for the conduct of discipline proceedings. *Kanwal*, ¶ 7, 321 P.3d at 496 (quoting *In re Fisher*, 202 P.3d 1186, 1199 (Colo. 2009)). Discipline proceedings therefore are "not strictly civil or criminal cases." *Colo. Supreme Court Grievance Comm.*, 850 P.2d at 152. Instead, we have characterized such proceedings as "unique, or *sui generis*, having been designed for the precise, and sole, purpose of exercising this exclusive jurisdiction and fulfilling this responsibility of the supreme court." *Kanwal*, ¶ 7, 321 P.3d at 496.

¶13 We have allocated the authority to impose discipline among various officers and bodies, all created, appointed, and reviewable by this court. *Id.* at ¶ 10, 321 P.3d at 497. The supreme court appoints Regulation Counsel, who serves at the pleasure of the court. C.R.C.P. 251.3(a). Among other powers and duties, Regulation Counsel, along with her staff, shall, in accordance with the rules of procedure, conduct investigations into allegations made against an attorney, prepare and prosecute disciplinary and disability actions against attorneys, and negotiate dispositions of pending matters. C.R.C.P. 251.3(c). Discipline

"proceedings," in the general sense of opening an inquiry into particular attorney conduct, may be commenced by a request for investigation. *Kanwal*, ¶ 11, 321 P.3d at 497; C.R.C.P. 251.9(a)(1). However, "formal proceedings for public discipline may be prosecuted only by Regulation Counsel, in the name of the People of the State, C.R.C.P. 251.14; and only upon authorization by the [Attorney Regulation] Committee."[2] *Kanwal*, ¶ 11, 321 P.3d at 497 (citing C.R.C.P. 251.12).

¶14     At the intake stage, Regulation Counsel has broad discretion in determining whether to investigate an attorney. "Immediately upon receipt of a request for investigation," the matter is referred to Regulation Counsel for a determination of whether to proceed with an investigation. Regulation Counsel considers whether "the attorney in question is subject to the disciplinary jurisdiction of the [Colorado] Supreme Court"; whether "there is an allegation made against the attorney in question which, if proved, would constitute grounds for discipline"; and whether "the matter should be investigated . . . or addressed by means of an alternative to

[2] The Attorney Regulation Committee consists of a chair, vice-chair, four members of the Colorado Bar, and three members of the public, all appointed by the supreme court. C.R.C.P. 251.2(a)(1)–(3). In addition to its role in reviewing Regulation Counsel's investigatory decisions, the committee may enlist the assistance of members of the Bar to conduct or assist with investigations and, among other powers, recommend to the Supreme Court Advisory Committee proposed changes or additions to the rules of procedure for attorney discipline and disability proceedings. C.R.C.P. 251.2(b).

discipline." C.R.C.P. 251.9(b). "In making a determination whether to proceed, the Regulation Counsel may make inquiry regarding the underlying facts and consult with the Chair of the [Attorney Regulation Committee]." *Id.*

¶15 Importantly, C.R.C.P. 251.9(b) provides that "the decision of the Regulation Counsel [regarding whether to proceed] shall be final, and the complaining witness shall have no right to appeal." In this sense, Regulation Counsel's decision is at least somewhat analogous to a prosecutor's discretionary decision not to bring criminal charges against a person, which generally "may not be controlled or limited by judicial intervention." *People v. Dist. Court*, 632 P.2d 1022, 1024 (Colo. 1981). This court's rules governing attorney discipline proceedings do not allow for district court review of Regulation Counsel's decision not to pursue an investigation.[3]

¶16 Instead, the check on OARC's power rests with this court, which has a "unique" and supervisory role in attorney discipline proceedings. *Kanwal*, ¶ 8, 321 P.3d at 496. We have reserved plenary power "to review any determination

---

[3] Similarly, district courts do not have subject matter jurisdiction to review the dismissal of a complaint filed with the Judicial Commission on Discipline. *See Higgins v. Owens*, 13 P.3d 837, 838 (Colo. App. 2000) (holding that "district courts do not have subject matter jurisdiction [under Rule 106(a)(4)] to compel the Commission or its Executive Director to investigate a complaint alleging judicial misconduct").

11

made in the course of a disciplinary proceeding and to enter any order with respect thereto, including an order directing that further proceedings be conducted." C.R.C.P. 251.1(d).

¶17    In short, whether OARC successfully prosecutes a case to the Hearing Board or decides to dismiss the matter, we are the only court authorized to review the case.

¶18    The foregoing principles demonstrate that we have exclusive authority over matters of attorney discipline and, as we stated in *Colorado Supreme Court Grievance Committee* when analyzing the procedural rules then in effect, we "did not provide for district courts to perform any role in the process." 850 P.2d at 153. Thus, the district court is without jurisdiction over cases that involve oversight of the attorney discipline process.

¶19    Chessin counters that this court's procedural rules "cannot deprive a district court of the jurisdiction that the constitution provides and that no statute limits." He points to article VI, section 9 of the Colorado Constitution, which provides that "district courts shall be trial courts of record with general jurisdiction, and shall have original jurisdiction in all civil, probate, and criminal cases, except as otherwise provided herein, and shall have such appellate jurisdiction as may be prescribed by law." Chessin brought his claim under C.R.C.P. 106(a)(4), which permits district court review of whether "any governmental body or officer or any

lower judicial body exercising judicial or quasi-judicial functions has exceeded its jurisdiction or abused its discretion." Thus, he contends, his claim falls within the district court's jurisdiction.

¶20 We disagree. The grant of subject matter jurisdiction to district courts "is very broad, [but] it is not unlimited." *Colo. Supreme Court Grievance Comm.*, 850 P.2d at 152. We have previously held that "district courts do not have subject-matter jurisdiction over disciplinary proceedings" precisely because they are "not strictly civil or criminal cases," but are "*sui generis*." *Id.* This remains true when a discipline proceeding becomes the subject of a civil suit, as we concluded in *Colorado Supreme Court Grievance Committee*. *Id.* at 153. There, we considered whether a district court had jurisdiction over a respondent attorney's challenge to the constitutionality of a disciplinary rule while discipline proceedings against the respondent attorney were pending. *Id.* at 151. We acknowledged that the constitutional challenge to the rule was a civil proceeding, which ordinarily falls within the district court's general jurisdiction, but we nonetheless concluded that "district courts may not exercise subject-matter jurisdiction over a civil action if such exercise of jurisdiction interferes with ongoing disciplinary proceedings and the inherent power of the Colorado Supreme Court to regulate, govern, and supervise the practice of law." *Id.* at 153. To have ruled otherwise would have

13

allowed the respondent attorney to effectively circumvent the rules of procedure governing discipline proceedings. *Id.*

¶21 Our holding in *Colorado Supreme Court Grievance Committee* applies here as well. Though Chessin's C.R.C.P. 106(a)(4) action is a civil proceeding, he effectively seeks review of Regulation Counsel's decision not to pursue an investigation against an attorney. As in *Colorado Supreme Court Grievance Committee*, a district court's exercise of jurisdiction over such a claim would interfere with the inherent power of this court to regulate, govern, and supervise the practice of law because it would directly circumvent the rules we have prescribed, which provide that "the complaining witness shall have no right to appeal" Regulation Counsel's decision not to pursue further investigation of a particular complaint.

¶22 Chessin contends that *Colorado Supreme Court Grievance Committee* is distinguishable because we concluded our opinion by saying that the "narrow exception to the subject matter jurisdiction of district courts that we delineate today is described no more broadly than necessary to resolve the case before us." *Id.* at 154. He points out that, unlike that case, there are no pending discipline proceedings here. Further, he contends that *Colorado Supreme Court Grievance Committee* stands for the limited principle "that courts will not entertain actions

14

that raise issues more properly adjudicated in a prior pending proceeding between the parties."

¶23    However, we have not interpreted our holding in *Colorado Supreme Court Grievance Committee* so narrowly.  Indeed, in *Smith*, an applicant who was denied admission to the Colorado Bar brought suit in Denver District Court, raising a constitutional challenge to the denial of his application for admission.  121 P.3d at 891.  We affirmed the district court's order dismissing the case for lack of subject matter jurisdiction.  *Id.*  After recognizing that *Colorado Supreme Court Grievance Committee* "involved an attorney disciplinary proceeding," we proceeded to import its reasoning.  *Id.* at 892.  We observed that "constitutional challenges to the Bar admission process are inextricably intertwined with the procedural mechanism used to determine Bar admission qualifications," which we have the "exclusive and inherent power" to establish.  *Id.*  Thus, challenges to the Bar admission process, in which we provided no role for district courts, fall "squarely within [our] exclusive and inherent power" and outside the jurisdiction of the district courts.  *Id.*  The same holds true regarding the rules of procedure governing attorney discipline proceedings.

## IV.  Conclusion

¶24    In sum, we hold that the district court lacked subject matter jurisdiction over Chessin's claim.  Accordingly, we make the rule absolute and remand the matter

15

to the district court with directions to dismiss Chessin's C.R.C.P. 106(a)(4) complaint against OARC.

**CHIEF JUSTICE COATS** does not participate.