Opinions of the Colorado Supreme Court are available to the public and can be accessed through the Judicial Branch's homepage at http://www.courts.state.co.us. Opinions are also posted on the Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE
May 17, 2021

**2021 CO 31**

**No. 20SA324, *In re People v. Nunez* — Criminal Law — Constitutional Law — Speedy Trial.**

The supreme court exercises its original jurisdiction to determine whether the trial court properly exercised jurisdiction over the defendant where it declared a retroactive mistrial to extend the defendant's speedy trial deadline by three months under Colorado's speedy trial statute, § 18-1-405, C.R.S. (2020). The supreme court holds that courts may not declare retroactive mistrials in order to get around the mandatory deadlines set by Colorado's speedy trial statute. The court holds further that trial courts must explicitly declare mistrials, which did not happen in this case. Therefore, the supreme court concludes that the trial court improperly exercised jurisdiction over the defendant after his speedy trial deadline had passed and the charges against the defendant must be dismissed with prejudice. Accordingly, the supreme court makes the rule absolute.

## The Supreme Court of the State of Colorado

2 East 14th Avenue • Denver, Colorado 80203

---

**2021 CO 31**

---

**Supreme Court Case No. 20SA324**
*Original Proceeding Pursuant to C.A.R. 21*
Arapahoe County District Court Case No. 19CR1088
Honorable Michael J. Spear, Judge

---

**In Re
Plaintiff:**

The People of the State of Colorado,

v.

**Defendant:**

Alexander Carlos Nunez.

---

**Rule Made Absolute**
*en banc*

May 17, 2021

---

**Attorneys for Plaintiff:**
John Kellner, District Attorney, Eighteenth Judicial District
Susan J. Trout, Senior Deputy District Attorney
 *Centennial, Colorado*

**Attorneys for Defendant:**
Megan A. Ring, Public Defender
Zack Tennant, Deputy Public Defender
 *Centennial, Colorado*

**JUSTICE HART** delivered the Opinion of the Court.

¶1     Colorado's speedy trial statute, § 18-1-405, C.R.S. (2020), requires that a criminal defendant be brought to trial within six months of entering a plea of not guilty unless the time for trial is tolled for one of several statutorily specified reasons. Alexander Nunez was not brought to trial within his speedy trial timeframe, which expired on June 12, 2020. Instead, about six weeks after that date, the trial court declared a mistrial in the case and stated that the mistrial was retroactive to April 30, 2020. The court reasoned that Crim. P. 24(c)(4) would have permitted it to declare a mistrial at the April 30 pretrial readiness hearing because of its inability to safely assemble a fair jury pool at that time in light of the COVID-19 pandemic. Because the speedy trial statute excludes delay caused by a mistrial from the six-month calculation, the court concluded that Nunez's speedy trial deadline had not passed.

¶2     Nunez filed a petition to show cause under C.A.R. 21, arguing that the trial court lacked jurisdiction over his case after the speedy trial deadline passed on June 12 and that it could not declare a retroactive mistrial to reassert jurisdiction. We granted Nunez's petition, and we now make the rule absolute. The charges against Nunez must be dismissed with prejudice.

## I. Facts and Procedural History

¶3     On August 19, 2019, Nunez entered not guilty pleas to charges of possession with intent to distribute a controlled substance, attempted possession with intent

2

to distribute, and obstruction of a peace officer. His original speedy trial deadline was February 7, 2020, but on December 13, 2019, Nunez requested a continuance, which reset his speedy trial deadline to June 12, 2020. A pretrial readiness conference was set for April 30, 2020, with a trial date of May 4, 2020.

¶4 In the intervening months, COVID-19 descended on the world, causing major disruptions to, among many other things, the justice system in Colorado. On March 24, 2020, the Chief Judge in the Eighteenth Judicial District issued an Order providing that the public health concerns created by COVID-19 required that no jury trials be scheduled between then and May 15, 2020. That Order was extended on May 17 to preclude calling a jury until July 6, 2020. On April 7, the Colorado Rules of Criminal Procedure were amended to permit a court to "declare a mistrial . . . on the ground that a fair jury pool cannot be safely assembled . . . due to a public health crisis." Crim. P. 24(c)(4).

¶5 At the April 30 hearing, although the trial court had issued a writ for his appearance, Nunez did not appear in person, apparently because the Arapahoe County Sheriff's Office was not executing writs in light of the Chief Judge's Order. At that hearing, the People moved for a continuance pursuant to section 18-1-405(6)(g), which permits a court to continue a trial without running afoul of the speedy trial requirements based on the prosecution's inability to

prepare. The trial court did not rule on this motion. Rather, referencing the recent amendment to the Rules of Criminal Procedure, the trial court stated:

> Frankly, due to the rule changes that have occurred over the course of the last 30 days permitting the [c]ourt to find a mistrial, and a public health crisis exists such as to make it unsafe for jurors to report to the courthouse, I can obviously make that particular finding at this time. . . . So I'm going to go ahead and vacate the trial for Monday, recognizing . . . the futility of proceeding . . . and that vacating is based primarily upon the [c]ourt's ability to declare mistrials in these types of situations as currently exist in our community.

The court vacated the May 4 trial setting and rescheduled the trial for June 1, 2020, which, the court noted, was the only trial date available before Nunez's speedy trial deadline on June 12, 2020.

¶6 At a pretrial readiness hearing on May 28, the People moved for a mistrial based on the public health crisis, which would have tolled the speedy trial deadline for up to three months under section 18-1-405(6)(e). Defense counsel noted that Nunez, who was again not present because the Arapahoe County Sheriff's Office was not transporting defendants to the courthouse, was not willing to consent to any waiver of his speedy trial right. The court asked the parties whether they agreed that the speedy trial deadline as of that time was June 12, 2020. Both the People and defense counsel agreed.

¶7 The court did not expressly rule on the People's motion for a mistrial. Instead, the court stated that "I have some concerns about the declaration of a mistrial pursuant to our Amended Rule 24, trial jurors being summoned during

4

the public health crisis, so I would like to have Mr. Nunez present." The court then vacated the trial set for June 1 and set a date of June 19 for a hearing on "what would be the operative date for the declaration of the mistrial pursuant to the statute, . . . whether it's 90 days from today's date plus the potential for 13, 14 days, whatever, and then also whether or not it should start on the date we can actually get Mr. Nunez here."

¶8 Defense counsel noted that, although he was available for a hearing on June 19, he was preserving his right to argue that setting a hearing on this issue after June 12 would run afoul of Nunez's speedy trial right. On June 15, Nunez filed a motion to dismiss, arguing that his speedy trial deadline had passed and his case must be dismissed.

¶9 The court ultimately held a hearing on this motion on July 29, 2020. At that hearing, the court denied the motion to dismiss, explaining that "the [c]ourt obviously was a little reluctant to act without the defendant being present and hearing from the [c]ourt the problems, but frankly the April 30th pretrial readiness conference would have been the date by which the Court would have declared a mistrial due to the fact that I wasn't able to call jurors into the building under any scenario."

¶10 Having declared a mistrial retroactive to April 30, the court noted that the following day—July 30—was the new speedy trial deadline under

section 18-1-405(6)(e), which permits exclusion of three months from the speedy trial calculation due to a mistrial. The court then declared a second mistrial because of its continuing inability to assemble a fair jury pursuant to Crim P. 24(c)(4).

¶11 Nunez filed this petition pursuant to C.A.R. 21, and we granted the petition.

## II. Jurisdiction

¶12 The exercise of this court's original jurisdiction under C.A.R. 21 is entirely discretionary. *People v. Lucy*, 2020 CO 68, ¶ 11, 467 P.3d 332, 335; C.A.R. 21(a)(1). Relief pursuant to Rule 21 is "an extraordinary remedy that is limited in both purpose and availability." *People in Int. of T.T.*, 2019 CO 54, ¶ 16, 442 P.3d 851, 855–56 (quotation omitted). In the past, we have exercised jurisdiction "when an appellate remedy would be inadequate, when a party may otherwise suffer irreparable harm, [or] when a petition raises issues of significant public importance that we have not yet considered." *People v. Kilgore*, 2020 CO 6, ¶ 8, 455 P.3d 746, 748 (citations and quotation omitted). Further, we have opted to grant relief when "a trial court acts in excess of its jurisdiction or without jurisdiction." *Chessin v. Off. of Att'y Regul. Couns.*, 2020 CO 9, ¶ 8, 458 P.3d 888, 890 (quotation omitted).

¶13 In view of these principles, relief under C.A.R. 21 is appropriate here for at least two reasons. First, as we have previously recognized, "[r]elief in the nature

6

of prohibition under C.A.R. 21 is an appropriate remedy when a district court is proceeding without jurisdiction to try a defendant in violation of his right to a speedy trial." *Marquez v. Dist. Ct.*, 613 P.2d 1302, 1304 (Colo. 1980). In this case, the trial court acted without jurisdiction when it set a trial date for Nunez after the time limit under Colorado's speedy trial statute, § 18-1-405, had passed. *See Hampton v. Dist. Ct.*, 605 P.2d 54, 56 (Colo. 1980).

¶14 And second, if we declined to exercise our original jurisdiction, Nunez would be without any adequate remedy. Section 18-1-405(1) requires dismissal with prejudice if a defendant's statutory speedy trial right is violated. Nunez has a right not to be tried in this case, so even a successful appeal in his case would require him to first be subjected to the very trial he is entitled by statute to avoid.

¶15 Based on the foregoing, we conclude that our exercise of jurisdiction over this case pursuant to C.A.R. 21 is warranted.

### III. Analysis

¶16 Colorado's speedy trial statute is intended to safeguard a defendant's constitutional right to a speedy trial. *Mosley v. People*, 2017 CO 20, ¶ 17, 392 P.3d 1198, 1202. Whether a defendant's statutory speedy trial right has been violated is a matter of statutory interpretation and is therefore reviewed de novo. *Id.* at ¶ 15, 392 P.3d at 1202.

7

¶17 Colorado's speedy trial statute provides that a defendant must be brought to trial "within six months from the date of the entry of a plea of not guilty" or the "pending charges shall be dismissed, and the defendant shall not again be indicted, informed against, or committed for the same offense." § 18-1-405(1). The language of the speedy trial statute is mandatory—it leaves no discretion for the trial court to make exceptions to the six-month rule beyond those specifically enumerated in section 18-1-405(6). *People v. DeGreat*, 2020 CO 25, ¶ 13, 461 P.3d 11, 15; *People v. Gallegos*, 946 P.2d 946, 949 (Colo. 1997); *People v. Byrne*, 762 P.2d 674, 676 (Colo. 1988).

¶18 The People argue that three of the enumerated statutory tolling provisions could be applicable to this case. First, they note that the court could have declared a mistrial because of the public health emergency and that up to three months can be excluded from calculation of the speedy trial deadline for any mistrial. *See* Crim. P. 24(c)(4); § 18-1-405(6)(e). Second, they argue that the defendant was not available because the Arapahoe County Sheriff's Office was not transporting prisoners to court for hearings during the relevant time period. *See* § 18-1-405(6)(d). And, finally, they argue that the speedy trial deadline could have been tolled because the prosecution could not obtain necessary evidence, despite its due diligence. *See* § 18-1-405(6)(g)(I).

8

¶19 As we have previously noted, COVID-19 "has wreaked havoc on just about every aspect of our lives. The criminal justice system has not been spared from the ravages of this malady. In particular, trial courts have struggled with effectuating a defendant's statutory right to speedy trial amid this unparalleled public health crisis." *Lucy*, ¶ 1, 467 P.3d at 334. This case presents a textbook example of this struggle. Nunez was set to appear at a pretrial readiness conference in the first months of the emergency. At the time of the April 30 hearing, the Chief Judge in the Eighteenth Judicial District had declared that no juries would be impaneled, and the Arapahoe County Sheriff's Office was not transporting detainees to court for in-person proceedings. The parties and the court were confronted with the extremely difficult question of how to proceed under the circumstances without violating Nunez's speedy trial right.

¶20 One possibility would have been for the trial court to declare a mistrial in light of the recent amendment to Crim P. 24(c), giving the courts authority to declare a mistrial if a public health emergency made it impossible to impanel a fair jury. In fact, the People argue that the district court effectively declared a mistrial at the April 30 hearing. But their argument suffers from three flaws. First, the court cannot "effectively" declare a mistrial; it must explicitly do so. Second, the circumstances of the May 28 hearing demonstrated that no mistrial had been declared: The People moved for a mistrial at that hearing, and the judge and both

9

parties agreed that the speedy trial deadline at that point was still June 12, which it would not have been if a mistrial had been declared on April 30. Finally, when the court actually declared a mistrial on July 29, it explained that "the April 30th pretrial readiness conference *would have been the date* by which the [c]ourt *would have declared a mistrial* due to the fact that I wasn't able to call jurors into the building under any scenario." (Emphasis added.) The court further stated that "if everybody had appeared in an appropriate fashion at the pretrial readiness conference, *I would have declared a mistrial at that time*, but I was just reluctant in doing so because of the absence of Mr. Nunez."[1] (Emphasis added.) While it seems entirely possible that the court could have declared a mistrial on April 30, these facts demonstrate that it did not. A court may not declare a retroactive mistrial in order to get around the mandatory deadlines set by Colorado's speedy trial statute.

---

[1] While the court did not explicitly say so, its concern about Nunez's absence was presumably derived from a defendant's constitutional right to be present at all critical stages of a trial. *See United States v. Gagnon*, 470 U.S. 522, 526 (1985). We have never held that the declaration of a mistrial is a critical stage of the proceeding at which the defendant has a right to be present. Assuming, however, that it is, the right to be present is not absolute. *See Luu v. People*, 841 P.2d 271, 274 (Colo. 1992) (noting that allegations of a denial of the right to be present are scrutinized under the harmless error standard). Moreover, Crim. P. 43 had been amended by the time of these hearings to permit a consenting defendant to appear by "interactive audiovisual device" at any proceeding not involving a jury. Crim. P. 43(f).

10

¶21 The People next argue that certain days should have been excluded from the calculation of Nunez's speedy trial deadline because the Arapahoe County Sheriff's Office was not at the time responding to writs to deliver defendants to the courts because of the Chief Judge's Order prohibiting in-person hearings. They note that section 18-1-405(6)(d) provides for the exclusion of "[t]he period of delay resulting from the . . . unavailability of the defendant." While this statutory provision might have provided an avenue for extending Nunez's speedy trial deadline, the People did not present this argument to the district court, and the court did not make any findings with regard to this issue. For this reason, we do not consider this argument.

¶22 Finally, the People argue that Nunez's speedy trial period should have been extended because section 18-1-405(6)(g)(I) permits the prosecution to request a continuance and exclude the resulting time from the calculation of the speedy trial deadline when "[t]he continuance is granted because of the unavailability of evidence material to the state's case, when the prosecuting attorney has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that this evidence will be available at the later date." Here, again, it is possible that the court could have granted a continuance on these grounds. But the prosecution moved for such a continuance on April 30, and the trial court did not rule on the motion. The record contains no suggestion that any further motion for a

continuance under section 18-1-405(6)(g)(I) was presented to the court. Moreover, at the July 29 hearing, the court explicitly stated that its denial of the motion to dismiss was premised on its declaration of a mistrial retroactive to April 30.

## IV. Conclusion

¶23 Because the trial court could not declare a retroactive mistrial after the speedy trial deadline had passed, the charges against Nunez must be dismissed with prejudice. Accordingly, we now make the rule absolute.